(No. 52887.—)

PATRICK MURPHY, Indiv. and as Adm'r, Appellant, v. JACOB GIARDINA (St. Anne's Hospital *et al.*, Appellees).

*Opinion filed November 18, 1980.*

John J. Lowrey, of Chicago (Brian C. Donegan and Anne C. O'Laughlin, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Stanley J. Davidson and John G. Langhenry, Jr., of counsel), for appellee St. Anne's Hospital.

530

Wildman, Harrold, Allen & Dixon, of Chicago (Mark C. Fedota and William J. Rogers, of counsel), for appellee Elio G. Vento.

Rooks, Pitts, Fullagar & Poust, of Chicago (Jerome N. Groark, Terrence E. Kiwala and Lorenzo Bracy, of counsel), for appellee Bruno S. Cortis.

MR. JUSTICE MORAN delivered the opinion of the court:

Plaintiff, Patrick Murphy, individually and as administrator of the estates of his wife and son, filed a second amended complaint for wrongful death against defendants, Dr. Elio Vento, Dr. Bruno Cortis, and St. Anne's Hospital. The circuit court of Cook County dismissed this complaint. On appeal, the appellate court affirmed. 78 Ill. App. 3d 896.

Although plaintiff raised five issues for review, they can be condensed to two basic questions: whether section 21.1 of the Civil Practice Act (Ill. Rev. Stat., 1976 Supp., ch. 110, par. 21.1) applies to plaintiff's pleading entitled "first amended complaint" and whether Dr. Vento, Dr. Cortis, and St. Anne's Hospital (respondents) were named as parties defendant within the two-year statute of limitations for wrongful death actions (Ill. Rev. Stat. 1975, ch. 70, par. 2).

The original complaint alleged that plaintiff's wife and son died on December 17, 1974, from complications arising during the wife's pregnancy. On November 10, 1975, plaintiff filed a wrongful death suit naming Dr. Jacob Giardina as the sole defendant. Dr. Giardina is not a party to this appeal. On December 16, 1976, plaintiff filed his first "amended complaint," again naming Dr. Giardina as defendant and, by separate counts, naming Dr. Vento, Dr. Cortis, and St. Anne's Hospital as respondents in discovery pursuant to section 21.1. As stated in

plaintiff's brief, this pleading alleged that "each of the Respondents In Discovery had 'information essential to the determination of who should properly be named as additional Defendants in this action' and as relief sought 'prompt response to all discovery sought,' without asserting allegations of negligence, or of damages proximately caused by the conduct of the individual Respondents In Discovery, as would have been done if these parties had been named as Defendants, rather than Respondents In Discovery."

On February 15, 1977, Dr. Cortis filed a motion to dismiss plaintiff's "amended complaint" alleging that section 21.1 (1) applied only to actions arising after September 19, 1976, and (2) was unconstitutional. On May 31, 1977, Dr. Vento moved to dismiss on the same grounds. On May 31, 1977, the trial court held the section invalid and dismissed Drs. Vento and Cortis as respondents in discovery. Plaintiff was given leave to file a second amended complaint within 28 days. On June 29, 1977, St. Anne's Hospital filed a motion to dismiss plaintiff's amended complaint based upon the trial court's May 31 order holding the section void. The motion was granted on July 7, 1977.

On the same day, plaintiff filed his second amended complaint, this time naming Dr. Vento, Dr. Cortis, and St. Anne's Hospital as additional parties defendant. This complaint alleged specific acts of negligence on the part of each defendant that proximately caused the death of plaintiff's decedents and requested monetary damages. The three additional defendants moved to dismiss this complaint on the grounds that it was barred by the two-year statute of limitations applicable to wrongful death actions. The trial court entered an order granting the motions to dismiss under Rule 304(a) (73 Ill. 2d R. 304(a)). On appeal, the appellate court found it unneces-

sary to rule upon the constitutionality of section 21.1 because plaintiff failed to comply with its terms. We also find it unnecessary to rule on the constitutional issue.

In 1976 the General Assembly passed a law entitled "An Act in relation to the regulation of medical practice and recovery for injuries from malpractice, amending certain Acts herein named" (Act) (Pub. Act 79—1434). The Act amended various statutes pertaining to medical practice within the State. Section 8 of the Act amended the Civil Practice Act by adding the section here involved and provides in part:

> "The plaintiff in any action based on an allegation of negligence in the performance of health care services may designate as respondents in discovery in his pleading those individuals, other than the named defendants, believed by him to have information essential to the determination of who should properly be named as additional defendants in the action.
>
> Persons so named as respondents in discovery shall be required to respond to discovery by the plaintiff in the same manner as are defendants and may, on motion of the plaintiff, be added as defendants if the evidence discloses the existence of probable cause for such action.
>
> * * *
>
> A person named as a respondent in discovery in any civil action may be made a defendant in the same action at any time within 6 months after he is named as a respondent in discovery, even though the time during which an action may otherwise be initiated against him may have expired during such 6 month period." Ill. Rev. Stat., 1976 Supp., ch. 110, par. 21.1.

Section 9 of the Act further provides:

> "This amendatory Act takes effect 30 days after it becomes a law and the changes made in the Civil Practice Act by Section 8 apply only to civil actions filed after this Act takes effect." (1976 Ill. Laws 1359.)

The Act was approved on August 20, 1976, and became effective 30 days thereafter on September 19, 1976. See also Ill. Ann. Stat., ch. 110, par. 21.1, Supplement to

Historical and Practice Notes (Smith-Hurd Supp. 1980).

Thus, when the section became law on August 20, 1976, it clearly was to have only prospective effect beginning on September 19, 1976. As a result, the Act is inapplicable to the instant case. Plaintiff's pleading of December 16, naming respondents in discovery, related to the original complaint filed on November 10, 1975. Hence, the original civil action that is the basis for instituting the respondents-in-discovery procedure was filed before the effective date of the section. The cases relied on by plaintiff in support of his argument that procedural laws should be applied retroactively when the legislature expresses no contrary intent are inapposite. Here, the legislature expressed a contrary intent.

Plaintiff further argues that even if the section pertains only to cases filed after September 19, 1976, it is, nevertheless, applicable to the instant case. Plaintiff contends that his pleading entitled "first amended complaint" instituted a new cause of action which placed it under the ambit of section 21.1. He relies on *Board of Education v. City of Chicago* (1949), 402 Ill. 291, 296, and *Millsaps v. Bankers Life Co.* (1976), 35 Ill. App. 3d 735, 742.

The case before us differs, however, in that plaintiff's December 16 pleading did not constitute a complaint at law; it was simply a discovery device. It did not charge the respondents with actionable conduct or seek damages from them. As plaintiff admits in his brief, the respondents were named for the purpose of obtaining " 'information essential to the determination of who should properly be named as additional Defendants in this action' and as relief sought 'prompt response to all discovery sought,' without asserting allegations of negligence, or of damages proximately caused by the conduct of the individual Respondents In Discovery ***." Thus, the December 16 pleading was not a new cause of action commenced after the effective date of section 21.1. Further, naming Dr. Vento, Dr. Cortis,

534

and St. Anne's Hospital as respondents in discovery did not serve to name them as parties defendant within the original two-year statute of limitations.

Plaintiff's reliance upon section 21.1 fails for two reasons. First, as stated above, the section does not apply to plaintiff's original action because it was commenced on November 10, 1975, which was prior to the effective date of the section. Second, even if the Act were applicable, the plaintiff failed to name the respondents as parties defendant until July 7, 1977, after the six-month extension granted by the section to the two-year limitations period had expired. Consequently, the trial court was correct in granting the motions by respondents to dismiss plaintiff's second amended complaint.

For the reasons stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*