WANONA ENGEL *et al.*, Plaintiffs-Appellants, v. ST. MARY'S HOSPITAL OF DECATUR, Defendant (Herbert Gutierrez *et al.*, Respondents in Discovery; Samuel Apichai, Respondent in Discovery-Appellee).—WANONA ENGEL *et al.*, Plaintiffs-Appellants, v. ST. MARY'S HOSPITAL OF DECATUR *et al.*, Defendants-Appellees.

Fourth District   Nos. 4—89—0750, 4—89—0760 cons.

Opinion filed June 7, 1990.

Komessar & Wintroub, of Chicago (Mark S. Komessar, of counsel), for appellants.

Garry E. Davis, of Erickson, Davis & Murphy, Ltd., of Decatur, for appellee Herbert Gutierrez.

Richard J. Wilderson, of Graham & Graham, of Springfield, for appellee St. Mary's Hospital of Decatur.

John E. Fick, of Samuels, Miller, Schroeder, Jackson & Sly, of Decatur, for appellee William Wagner.

Heyl, Royster, Voelker & Allen, of Peoria (Frederick P. Velde, Karen L. Kendall, and Adrian E. Harless, of counsel), for appellee Samuel Apichai.

JUSTICE STEIGMANN delivered the opinion of the court:

On April 14, 1987, Wanona and Donald Engel sued St. Mary's Hospital, alleging malpractice in the medical treatment given Wanona on January 9, 1984. In their complaint, Wanona claimed to have discovered the malpractice in March 1986. The complaint also named Drs. Apichai, Gutierrez, and Wagner as respondents in discovery under section 2—402 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—402).

The Engels later moved for leave to file an amended complaint adding the doctors to the list of defendants, but in September 1987 this motion was denied based upon the Engels' failure to properly no-

tify the doctors of the motion. On the same day in September 1987 that their motion to amend was denied, the Engels filed another medical malpractice complaint that named the same doctors and St. Mary's Hospital as defendants based upon the same treatment provided Wanona. Plaintiffs voluntarily dismissed the September 1987 complaint on April 6, 1988, but refiled it on April 6, 1989. Because this new action was filed within one year of its voluntary dismissal, it was timely filed under section 13—217 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 13—217).

In response to the 1989 action, all four defendants filed motions to dismiss based on the pendency of the April 1987 action between them and the Engels. The trial court granted each defendant's motion to dismiss, and the Engels appeal those orders of dismissal.

Section 2—619(3) of the Code permits a defendant to file a motion for dismissal of an action if there is another action pending between the same parties for the same cause. (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(3).) Defendants argue that the Engels should not be permitted to avoid the adverse ruling in 1987, when the Engels attempted to change the doctors from respondents in discovery to defendants, by simply refiling a new cause of action in 1987 on the same day that the adverse ruling was made. The legitimacy of the new cause of action, filed in September 1987, is the basis for the legitimacy of the 1989 cause of action filed by the Engels against the doctors. According to the defendants, to allow the Engels to do this would render the provisions of section 2—402 meaningless. As a result, defendants claim that the circuit court properly dismissed them from the 1989 case.

At the outset, the Engels concede that since St. Mary's Hospital was named as a defendant in the April 1987 action, and not as a respondent in discovery, it was properly dismissed from the 1989 case. We accept this concession and, to that extent, affirm the decision of the circuit court.

■ The issue that remains is whether the doctors, as respondents in discovery, were parties to the April 1987 action. Section 2—402 of the Code describes the obligations and the status of a respondent in discovery as follows:

> "Persons so named as respondents in discovery shall be required to respond to discovery by the plaintiff in the same manner as are defendants and may, on motion of the plaintiff, be added as defendants if the evidence discloses the existence of probable cause for such action." (Ill. Rev. Stat. 1987, ch. 110, par. 2—402.)

A lawsuit naming an individual as a respondent in discovery is not an action against that individual as used in section 2—1009, pertaining to voluntary dismissals. (*Murphy v. Giardina* (1980), 82 Ill. 2d 529, 533, 413 N.E.2d 399, 401.) A pleading naming respondents in discovery does not constitute a complaint at law; it is simply a discovery device. *Murphy*, 82 Ill. 2d at 533, 413 N.E.2d at 401.

■ Because the doctors were not parties to the April 1987 lawsuit, the trial court erred in granting their motions to dismiss the 1989 action.

Section 2—402 also states the following:

> "A person named as a respondent in discovery in any civil action may be made a defendant in the same action at any time within 6 months after being named as a respondent in discovery, even though the time during which an action may otherwise be initiated against him or her may have expired during such 6 month period." Ill. Rev. Stat. 1987, ch. 110, par. 2—402.

■ Citing the above language, the doctor defendants also argue that the attempt by the Engels in September 1987 to convert the doctors from respondents in discovery to defendants precluded the Engels from later bringing suit against the doctors even though the statute of limitations had not run. We disagree. We hold that as long as a complaint has been filed within the applicable statute of limitations, the pendency of an action naming a defendant as a respondent in discovery under section 2—402 of the Code is without any significance. See *Flores v. St. Mary of Nazareth Hospital* (1986), 149 Ill. App. 3d 371, 376, 502 N.E.2d 1, 4.

■ The six-month provision of section 2—402 of the Code means that a plaintiff has an *additional* six months beyond the date the statute of limitations would otherwise have run in which to convert a respondent in discovery to a defendant. (*Arndt v. Resurrection Hospital* (1987), 163 Ill. App. 3d 209, 215, 517 N.E.2d 1, 4; *Flores*, 149 Ill. App. 3d at 375-76, 502 N.E.2d at 4.) According to the factual averments of plaintiffs' complaint (which at this stage we must accept as true), the statute of limitations had not yet run in this case. Therefore, the six-month provision of section 2—402 has no application to this case.

Affirmed in part; reversed in part.

KNECHT, P.J., and GREEN, J., concur.