DOROTHY MURPHY, Adm'r of the Estate of Barbara Waltrip, Deceased, Plaintiff-Appellant, v. GUY ATON, Defendant (Alton Memorial Hospital *et al.*, Respondents in Discovery and Defendants-Appellees).

Fifth District   No. 5—94—0659

Opinion filed November 20, 1995.

Byron J. Sims, of Phelps, Kasten, Ruyle & Burns, of Carlinville, for appellant.

Kim Roger Luther and Darren E. Daley, both of Luther & Associates, of St. Louis, Missouri, for appellee Lewis Gary.

J. Todd Hayes and Lisa K. Franke, both of Burroughs, Hepler, Broom, MacDonald & Hebrank, of Edwardsville, for appellee Alton Memorial Hospital.

Karen L. Kendall, of Heyl, Royster, Voelker & Allen, of Peoria, and Robert H. Shultz, Jr., of Edwardsville, for appellee John Hoelscher.

PRESIDING JUSTICE MAAG delivered the opinion of the court:

Plaintiff, Dorothy Murphy, appeals from a Madison County circuit court order dismissing Alton Memorial Hospital, Dr. Gary Lewis, and Dr. John Hoelscher as respondents in discovery/defendants (respondents) in plaintiff's lawsuit.

According to plaintiff's pleadings, Barbara Waltrip died on

October 7, 1991, as a result of septicemia from an untreated *E. coli* infection. She was survived by two minor children, Crystal and Kevin, her mother, Dorothy Murphy, her brother, Richard Murphy, and her sister, Norma Arras.

Plaintiff filed this action on August 24, 1993, against defendant, Dr. Guy Aton, seeking recovery for various alleged negligent acts and omissions resulting in personal injury and wrongful death to the decedent. Plaintiff also named Alton Memorial Hospital, Dr. Lewis Gary, and Dr. John Hoelscher as respondents in discovery pursuant to section 2—402 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2—402 (West 1994)).

Section 2—402 permits plaintiff to use the discovery process in order to determine whether probable cause exists to convert respondents in discovery into party defendants. The statute requires that the respondents in discovery be converted to party defendants within six months after being named respondents in discovery. In the instant case, plaintiff's cause of action accrued on October 7, 1991. Plaintiff filed her complaint on August 24, 1993.

Exactly six months later, on February 24, 1994, plaintiff requested leave of the trial court to amend and convert respondents in discovery into party defendants. Plaintiff also filed an affidavit stating that she would be unable to obtain a consultation report, as required by section 2—622 of the Code, before the statute of limitations expired and, therefore, she requested 90 days to obtain the consultation report. 735 ILCS 5/2—622(a)(2) (West 1994).

On April 18, 1994, plaintiff requested leave of the trial court to file a second amended complaint with a consultation report attached to convert respondents in discovery into party defendants. Plaintiff's second amended complaint alleged survival counts and wrongful death counts against Drs. Aton, Gary, and Hoelscher and Alton Memorial Hospital. Attached to plaintiff's second amended complaint was an anonymous, unsigned, unverified, and undated physician's consultation report which stated a finding of probable cause that respondents had committed medical malpractice. The trial court allowed leave to amend over respondents' objections.

Later, on respondents' motions to reconsider, the trial court vacated its earlier order and *dismissed* Drs. Gary and Hoelscher and Alton Memorial Hospital on June 29, 1994. The trial court based its ruling on *Froehlich v. Sheehan* (1992), 240 Ill. App. 3d 93, 608 N.E.2d 889, which held that the plaintiff in that case failed to meet his section 2—402 evidentiary burden to convert the respondents in discovery to party defendants in a medical malpractice action when the plaintiff's only showing of probable cause was an unsworn and undated letter from an internist. Plaintiff now appeals this order.

Plaintiff raises only a single issue on appeal. Plaintiff contends that the trial court erred in dismissing her second amended complaint against Drs. Gary and Hoelscher and Alton Memorial Hospital, because the underlying statute of limitations has not yet expired. Plaintiff argues that she represents the interests of decedent's two minor children and thus has the benefit of an eight-year statute of limitations pursuant to section 13—212(b) of the Illinois Code of Civil Procedure. 735 ILCS 5/13—212(b) (West 1994).

We begin by examining the complaint. It alleged:

"The decedent, Barbara Waltrip, was the mother of Kevin Waltrip, a son, who was born on January 19, 1985, and Crystal Waltrip, a daughter, who was born on February 25, 1979, who survive her, as well as a mother, Dorothy Murphy, a brother, Richard Murphy, and a sister, Norma Arras, *all for whose benefit this action is brought.*" (Emphasis added.)

■ It is well settled in Illinois, as plaintiff concedes in her brief, that neither parents nor siblings of the decedent are "next of kin" entitled to recover under the Wrongful Death Act (740 ILCS 180/2 (West 1994)) when decedent leaves surviving children. *Rallo v. Crossroads Clinic, Inc.* (1990), 206 Ill. App. 3d 676, 565 N.E.2d 15.

■ With these matters in mind we must determine the significance of the undisputed facts. First, the trial court was correct in relying upon *Froehlich* in considering respondents' motion to reconsider. However, on rehearing the trial court should have simply vacated its prior order which converted the respondents to the status of defendants. Following the vacation of its order, the trial court then should have terminated the respondents' status as respondents.

The dismissal order entered was erroneous because when a party is named as a respondent in discovery, that party is not a defendant. The party is a "respondent in discovery." Because a respondent is not a defendant, no adjudication on the merits can be entered concerning the respondent.

"A pleading naming respondents in discovery does not constitute a complaint at law; it is simply a discovery device." (*Engel v. St. Mary's Hospital* (1990), 198 Ill. App. 3d 174, 177, 555 N.E.2d 810, 811.) Because the respondent-in-discovery action pleads no cause of action, no adjudication can occur. Because no cause of action is pleaded, no cause of action can be dismissed. The discovery action can only be *terminated.*

Pursuant to Supreme Court Rule 366(a)(5) (134 Ill. 2d R. 366(a)(5)) we hereby vacate the dismissal order and hereby order the respondent-in-discovery action terminated. This does not preclude the minor beneficiaries from refiling their action so long as the stat-

ute of limitations has not expired, because "as long as a complaint has been filed within the applicable statute of limitations, the pendency of an action naming a defendant as a respondent in discovery under section 2—402 of the Code is without any significance." *Engel*, 198 Ill. App. 3d at 177, 555 N.E.2d at 812.

Accordingly, the trial court's dismissal order is vacated, and the respondent-in-discovery action is terminated.

Vacated; respondent-in-discovery action terminated.

GOLDENHERSH and HOPKINS, JJ., concur.