FIRST DIVISION

May 19, 1997 

                                

No. 1-96-1067

JOYCE V. DELESTOWICZ, ) Appeal from the  

 ) Circuit Court of

Plaintiff-Appellant, ) Cook County.

 )

    v. ) 

 )

HAROLD LABINSKY, M.D., ) 

) 

 Defendant-Appellee, ) 

)

) 

(ALEXIAN BROTHERS MEDICAL CENTER, )  

INC., and ALADIN MARIANO, M.D., ) Honorable

) Jennifer Duncan Brice,

Defendants). ) Judge Presiding

JUSTICE GALLAGHER delivered the opinion of the court:

This case concerns whether a plaintiff must comply with amended section 2-622 of the Code of Civil Procedure (735 ILCS 5/2-622 (West Supp. 1995)) with respect to a respondent in discovery who was named as a defendant after the amendment's effective date.  Plaintiff must do so.

Plaintiff, Joyce V. Delestowicz, filed a medical malpractice action against Alexian Brothers Medical Center and Dr. Aladin Mariano on February 15, 1995.  Plaintiff alleged that the defendants were negligent in performing a right sided open thoracotomy for biopsy, causing partial permanent respiratory failure and right diaphragm paralysis.  At that time, Dr. Harold Labinsky was designated as a respondent in discovery pursuant to section 2-402 of the Illinois Code of Civil Procedure. 735 ILCS 5/2-402 (West Supp. 1995).

On September 13, 1995, plaintiff filed a second amended complaint which, for the first time, named Dr. Labinsky as a defendant.  Defendant, Dr. Labinsky, subsequently filed a motion to dismiss based upon plaintiff's failure to comply with the requirements of section 2-622 of the Illinois Code of Civil Procedure (735 ILCS 5/2-622 (West Supp. 1995)), in that plaintiff did not identify the reviewing health professional.  On February 16, 1996, after plaintiff's continuing failure to comply with section 2-622, the trial court dismissed with prejudice plaintiff's third amended complaint against defendant, Dr. Harold Labinsky.  Plaintiff appeals from that order.  The lawsuit remains pending in the lower court as to the other defendants.

Section 2-622, which requires that a plaintiff in a medical malpractice action file a report of a reviewing health professional, was amended on March 9, 1995.  Effective that date, the name and address of the reviewing health professional also had to be provided.  The new provision, which required that the identity of the reviewing health professional be disclosed, specifically provides that it "does not apply to or affect any actions pending at the time of its effective date, but applies to cases filed on or after its effective date." 735 ILCS 5/2-622(h)(West Supp. 1995).

Plaintiff contends that, because she filed her original complaint prior to the effective date of the amendment, she need not comply with the requirement of the amended law.  While plaintiff is correct that an action was pending on the date the amendment became effective, her action was against other defendants.  At that time, however, no action was pending against Dr. Labinsky.  Dr. Labinsky had merely been designated as a respondent in discovery.

The clear language of section 2-402 shows that the legislature distinguished the status of a respondent in discovery from that of a named defendant.  A respondent in discovery who has not yet been converted to a defendant under section 2-402 is not a defendant "named in the complaint" and thus there can be no action pending against such person. See 
Coley v. St. Bernard's Hospital
, 281 Ill. App. 3d 587, 595, 667 N.E.2d 493, 499 (1996).

Furthermore, a lawsuit naming an individual as a respondent in discovery is not an action against that individual and the individual is not a party to that action. See 
Murphy v. Giardina
, 82 Ill. 2d 529, 533, 413 N.E.2d 399, 401 (1980); 
Shanklin v. Hutzler
, 277 Ill. App. 3d 94, 100, 660 N.E.2d 103, 106 (1995); 
Engel v. St Mary's Hospital
, 198 Ill. App. 3d 174, 177, 555 N.E.2d 810, 811 (1990).  A pleading that names respondents in discovery does not constitute a complaint at law; it is simply a discovery device. 
Murphy v. Giardina
, 82 Ill. 2d at 533, 413 N.E.2d at 401.

Earlier cases dealing with the applicability of section 2-622 support the application of the amendment to the instant case.

In one of those cases, this court found that the requirements of section 2-622 were applicable to an amended complaint naming a new defendant which was filed after the effective date of the statute despite the fact that the original complaint was filed before the effective date of the statute. 
Blalark v. Chung
, 177 Ill. App. 3d 541, 532 N.E.2d 518 (1988).  More recently, this court held that the amended version of section 2-622 applied to a refiled action against a defendant who had previously been voluntarily dismissed. 
Calamari v. Drammis
, 286 Ill. App. 3d 420, 676 N.E.2d 281 (1997).  The court acknowledged that the amendment did not apply to pending actions. 
Calamari
, 286 Ill. App. 3d at 425-26, 676 N.E.2d at 766.  The court then concluded that, because the action alleging negligence against the defendant was not on file at the time the amendment became effective, the new amendment applied to the refiled action. 
Calamari
, 286 Ill. App. 3d at 429, 676 N.E.2d at 766-67.

Here, no action alleging negligence against defendant was on file at the time the amendment to section 2-622 took effect.  Thus, regardless of the pending action against other defendants, the plaintiff was required to comply with the amended section 2-622 with regard to Dr. Labinsky, which clearly states that it applies to "cases filed on or after its effective date." 735 ILCS 5/2-622(h)(West Supp. 1995). 

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL, P.J. and O'BRIEN, J. concur.