ROBERT E. BATTEN, Indiv. and as Ex'r of the Estate of Margaret Batten, Deceased, Plaintiff-Appellant, v. R.D. RETZ et al., Defendants-Appellees.

Third District   No. 3—88—0472

Opinion filed April 27, 1989.

Paul R. O'Malley, of Paul R. O'Malley, Ltd., of Chicago (Thomas D. Nissen, of counsel), for appellant.

Roger Clayton and Nicholas J. Bertschy, both of Heyl, Royster, Voelker & Allen, of Peoria (John V. Patton and Peter C. Fieweger, of counsel), for appellee R.D. Retz.

John V. Patton, of Bozeman, Neighbour, Patton & Noe, of Moline, for appellees Y. Rhee and Quad-City Radiologists, Ltd.

Murvel Pretorius, Jr., and Donna Wamack Cruz, both of Quinn, Johnston, Henderson & Pretorius, Chartered, of Peoria, for appellee M. Ebalo.

Peter C. Fieweger, of Katz, McAndrews, Durkee, Balch & Lefstein, P.C., of Rock Island, for appellee Illini Hospital District.

JUSTICE BARRY delivered the opinion of the court:

On October 26, 1987, plaintiff Robert E. Batten brought a complaint in two counts against defendant Doctors Retz, Ebalo and Rhee and defendant radiologist and hospital corporations complaining of medical malpractice that allegedly resulted in the untimely death of Margaret Batten on October 26, 1985. On motion of the defendants, the circuit court of Rock Island County dismissed the complaint with prejudice for failure to comply with section 2—622 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—622). The court subsequently denied plaintiff's post-judgment motion to reconsider and vacate its order of dismissal and for leave to amend. Plaintiff appeals from both dispositions. We affirm.

Attached to plaintiff's original complaint is an affidavit of counsel pursuant to section 2—622(a)(2) stating that written medical reports and an attorney's certificate as required by section 2—622(a)(1) would not be available before expiration of the statute of limitations. On January 26, 1988, 92 days after the complaint was filed, plaintiff's attorney filed an affidavit pursuant to section 2—622(a)(1) stating that he had consulted with "a physician who has experience, knowledge and training in the area of management and diagnosis of liver disease" and a registered nurse, both of whom had reviewed the medical record for Margaret Batten and indicated that a reasonable cause of action exists. The affidavit further stated that counsel was relying on the doctrine of *res ipsa loquitur*. Attached to the affidavit were two "certificates" from an unidentified board-certified internist with a subspecialty in hepatology and an unidentified registered nurse "with experience in postoperative management of patients who have undergone cholecystectomies."

Defendants moved to dismiss the cause of action on grounds that: (1) counsel's affidavit did not state that he had consulted with a health professional in the same specialties as Dr. Retz, a specialist in general surgery, and defendant radiologists; (2) counsel's affidavit failed to state that he had consulted with a physician licensed to practice medicine in all its branches as required by section 2—622(a)(1); (3) plaintiff had failed to provide written reports of reviewing health professionals within 90 days as required by section 2—622(a)(2); (4) separate certificates and reports were not filed as to each named defendant as required by section 2—622(b); (5) plaintiff's counsel had not stated his intent to rely upon *res ipsa loquitur* upon filing the complaint; and (6) no reviewing health professional had stated that negligence had occurred in the course of medical treatment as required by section 2—622(c).

On February 26, 1988, plaintiff moved to amend his complaint. Attached to the proposed first amended complaint are an affidavit of counsel and four "certificates" from an unidentified "medical physician licensed to practice medicine in all of its branches." Counsel's affidavit concludes with a statement that he is relying on both *res ipsa loquitur* and specific negligence. The four "certificates" allege that the physician reviewed the medical records of Margaret Batten; that the records indicate that a reasonable and meritorious cause of action exists against each of the named defendants; that defendants "failed to order appropriate diagnostic tests and timely consult with a gastroenterologist prior to surgical intervention," "failed to recommend and perform appropriate diagnostic tests to rule out common bile duct obstructions," and "failed to follow standard practices and procedures in the plaintiff's decedent's postoperative management of her T-tube drain"; and that defendants' various departures from acceptable medical care caused or contributed to Margaret Batten's untimely death.

On March 8, the circuit court granted defendant Illini Hospital's motion to dismiss with prejudice on grounds that plaintiff had failed to file a timely certificate and written report of a reviewing physician licensed to. practice medicine in all its branches, and that the nurse's certificate filed on the 92nd day after filing the complaint was insufficient under section 2—622(a)(1). In the exercise of its discretion, the court denied plaintiff's motion to amend the complaint against the hospital on grounds that the proposed physician's certificate was untimely and no evidence of good cause for the late filing had been shown.

The court similarly granted motions to dismiss with prejudice filed by the remaining defendants. Grounds stated are that the affidavit and certificate filed on January 26, 1988, were legally insufficient and that plaintiff's proposed amendment failed to meet the requirements of section 2—622 of the Code of Civil Procedure.

In this appeal, plaintiff argues that his two-day delay in filing documentation pursuant to section 2—622(a)(2) should have been excused as a mere technicality. (See, *e.g.*, *McCastle v. Sheinkop* (1987), 121 Ill. 2d 188, 520 N.E.2d 293; *Walter v. Hill* (1987), 156 Ill. App. 3d 708, 509 N.E.2d 804; *Bassett v. Wang* (1988), 169 Ill. App. 3d 663, 523 N.E.2d 1020; see also *Ushman v. Sterling Drugs, Inc.* (1988), 166 Ill. App. 3d 726, 521 N.E.2d 313.) Plaintiff also contends that the circuit court abused its discretion in denying plaintiff leave to file an amended complaint with an affidavit of counsel and four certificates.

The case before us is distinguishable from those cited by plaintiff in support of his "mere technicality" argument. In each of the cases cited, the trial judge did not exercise any discretion but dismissed the complaints with prejudice on the understanding that such dismissal was mandated by the act. Here, the trial judge was aware that he had discretion to dismiss with or without prejudice and expressly exercised that discretion in allowing defendants' motions. Thus, the question before us is whether the court here abused its discretion in dismissing plaintiff's complaint with prejudice and denying plaintiff leave to amend.

In *Hauk v. Day* (1988), 167 Ill. App. 3d 758, 521 N.E.2d 1243, this court affirmed a ruling of the circuit court denying defendants' motion to dismiss with prejudice for plaintiff's 12-day delay in filing an affidavit pursuant to the 90-day extension of section 2—622(a)(2). (See also *Whamond v. McGill* (1988), 168 Ill. App. 3d 66, 522 N.E.2d 211.) It does not appear, however, that the reviewing professional's report was in any other respect objectionable in *Hauk*. Neither *Hauk* nor any other case cited to us requires the exercise of discretion in favor of a plaintiff in a medical malpractice action when the certificates and medical reports suffer from numerous other defects in addition to being untimely filed.

■ ■ Clearly, plaintiff's original complaint, attorney's affidavit and the certificates were insufficient under section 2—622. Untimely filing of the documents is the least of their faults. Although the attorney's affidavit attached to plaintiff's proposed first amended complaint appears on its ·face to satisfy the minimal requirements of sections 2—622(a) and (c), we find that the material defects of the proffered "certificates" of the reviewing physician were too substantial to be readily curable. Moreover, our reading of section 2—622 does not comport with plaintiff's understanding, as acknowledged during oral argument of this case, that the terms "written report" and "certificate" are simply interchangeable. In subparagraph 2—622(a)(1), it is apparent that the legislature contemplated the filing of a written report by a reviewing health professional "clearly identifying the plaintiff [here, plaintiff's decedent] and the *reasons* for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists" (emphasis added), and a certificate of merit—or affidavit—of the plaintiff or his attorney, concluding that "on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause [of] *** action." When *res ipsa loquitur* is to be invoked, both the certificate of merit and the written report of the

reviewing health professional "must state that, *in the opinion of the reviewing health professional,* negligence has occurred in the course of medical treatment." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 110, par. 2—622(c).

■ The "certificates" submitted by plaintiff in this case are poor substitutes for the documentation contemplated by section 2—622. They lack details to explain the basis for the physician's conclusion that a reasonable and meritorious cause for filing the complaint exists, and they fail to make any allegation of negligence. The attorney's affidavit in this case is defective as well in that it fails to allege that any health professional was of the opinion that negligence occurred in the course of Margaret Batten's medical treatment. Moreover, the circuit court acted within its discretion in considering the lack of any showing of good cause for the late filing of written reports and certificates or affidavits. See *Santangelo v. Raskin* (1988), 137 A.D.2d 74, 78, 528 N.Y.S.2d 90, 93 (construing comparable New York legislation enacted "to insure that the [medical malpractice] plaintiff has a valid cause of action" and finding that "the Legislature did not intend that a violation of the statute should be excused without some proof that there was a reasonable excuse for the default and that there is legal merit to the claim").

■ We also reject plaintiff's argument that the circuit court abused its discretion in denying plaintiff's post-judgment motion to amend to cure all defects. Plaintiff did not tender a proposed amended complaint with a certificate of merit and written reports in compliance with the statute to demonstrate that the complaint was not frivolous. We hold that the trial court did not abuse its discretion.

The judgment of the circuit court is affirmed.

Affirmed.

WOMBACHER, P.J., and HEIPLE, J., concur.