567 N.E.2d 707 (1991)
209 Ill. App.3d 30
153 Ill.Dec. 749
Del GARLAND, Plaintiff-Appellant,
v.
James KAUTEN, H.A. Wellons and The People of the State of Illinois, Defendants-Appellees.
No. 4-90-0433.
Appellate Court of Illinois, Fourth District.
February 21, 1991.
*708 Michael J. Meyer, Law Offices of Michael J. Meyer, Effingham, for plaintiff-appellant.
Randall A. Mead, Drake, Narup & Mead, P.C., Springfield, for James Kauten.
Karen L. Kendall, Heyl, Royster, Voelker & Allen, Peoria, for H.A. Wellons.
Frederick P. Velde, Adrian E. Harless, Heyl, Royster, Vorlker & Allen, Springfield, for H.A. Wellons.
Justice McCULLOUGH delivered the opinion of the court:
Plaintiff Del Garland on March 27, 1989, filed a complaint against the defendants alleging medical malpractice. Each defendant filed a motion to dismiss pursuant to the provisions of section 2-622 of the Code of Civil Procedure (Code) (Ill.Rev.Stat.1989, ch. 110, par. 2-622). On March 27, 1990, the trial court granted the motions to dismiss and on May 29, 1990, denied the plaintiff's motion to vacate and reconsider.
The plaintiff asserts on appeal two issues: (1) whether section 2-622 of the Code is unconstitutional as a violation of separation of powers, and (2) whether the court erred in dismissing the complaint with prejudice.
With respect to the first issue, the plaintiff argues that pursuant to DeLuna v. St. Elizabeth's Hospital (1989), 184 Ill. App.3d 802, 132 Ill.Dec. 925, 540 N.E.2d 847, appeal allowed (1989), 127 Ill.2d 614, 136 Ill.Dec. 583, 545 N.E.2d 107 (table) section 2-622 is unconstitutional as a violation of separation of powers and is a legislative delegation of judicial authority to health professionals, which invades the power of the courts to hear and determine cases. There is a split of authority among the districts of the appellate court on this question.
Although the Second, Third, and Fourth District Appellate Courts have upheld the validity of section 2-622 (see Bloom v. Guth (1987), 164 Ill.App.3d 475, 478-79, 115 Ill.Dec. 468, 470-71, 517 N.E.2d 1154, 1156-57, (first rejecting due process and equal protection challenges, and further rejecting a separation of powers argument), appeal denied (1988), 121 Ill.2d 567, 122 Ill.Dec. 434, 526 N.E.2d 827; Sakovich v. Dodt (1988), 174 Ill.App.3d 649, 652, 124 Ill.Dec. 438, 439-40, 529 N.E.2d 258, 259-60 (rejecting due process and equal protection challenges), appeal denied (1989), 124 Ill.2d 562, 129 Ill.Dec. 156, 535 N.E.2d 921, cert. denied (1990), ___ U.S. ___, 110 S.Ct. 1326, 108 L.Ed.2d 501; Alford v. Phipps (1988), 169 Ill.App.3d 845, 850-51, 119 Ill.Dec. 807, 810-11, 523 N.E.2d 563, 566-67 (rejecting arguments that section 2-622 created an unconstitutional barrier to plaintiff's right to trial by jury and denied her due process of law)), only Bloom and DeLuna have analyzed the separation of powers issue.
In Bloom, the Second District Appellate Court reasoned that section 2-622 did not violate separation of powers by vesting a judicial function in nonjudicial personnel, stating:

*709 "While a medical review panel authorized to make conclusions of law has been found to improperly exercise a judicial function (Wright v. Central Du Page Hospital Association (1976), 63 Ill.2d 313, 322, 347 N.E.2d 736), application of section 2-622 does not involve interpretations of law. This provision merely requires the reviewing of facts by a health professional `knowledgeable in the relevant issues involved in the particular action and who practices in the same specialty as the defendant if the defendant is a specialist' (Ill.Rev.Stat.1985, ch. 110, par. 2-622(a)(1)). There is no infringement upon the judicial function of applying the law seen in section 2-622, as it requires only a determination of fact by an expert in the medical field." (Bloom, 164 Ill.App.3d at 479, 115 Ill.Dec. at 471, 517 N.E.2d at 1157.)
By contrast, in DeLuna, the First District Appellate Court expressly disagreed with Bloom, reasoning as follows:
"A comparison of section 2-622 with the medical review panel provisions invalidated in Bernier [v. Burris (1986), 113 Ill.2d 219, 100 Ill.Dec. 585, 497 N.E.2d 763,] and Wright [v. Central Du Page Hospital Association (1976), 63 Ill.2d 313, 347 N.E.2d 736,] shows conclusively that section 2-622 goes even further. While it does not provide for the sharing of judicial authority, it takes away from the court altogether a vital decision-making function and confers it upon the members of a private professional group who hold in their hands the keys to the courtroom itself, into which no one may enter, not even the judge who ordinarily sits there, unless the pleading which traditionally initiates an action at law bears their imprimatur or their nihil obstat. And if the complaint does not so comport, the judge is mandated under the clear provisions of section 2-622 to dismiss the action, which, as "we have already noted, is the very reason why our supreme court in O'Connell [v. St. Francis Hospital (1986), 112 Ill.2d 273, 97 Ill.Dec. 449, 492 N.E.2d 1322,] held a similar provision to be violative of the judicial article of our constitution. Thus, section 2-622 strikes at the very essence of judicial authority.
Moreover, although the medical review panel provisions stricken in Bernier and Wright gave non-judicial members a judicial role, the decision of the panel did not preclude the court from conducting a trial and making its own determination on the merits of a cause. Unless the parties agreed otherwise, `the matter is to proceed to trial, as in any other case.' (Bernier, 113 Ill.2d at 231 [100 Ill.Dec. 585, 497 N.E.2d 763.]) Section 2-622 goes further and makes the health professional's determination a prerequisite to the court's power to hear the evidence and determine the merits of the plaintiff's claim. The court is not allowed to permit the matter to proceed to discovery and trial without the prior written determination of a health professional. Only the health professional is authorized to make the legal conclusion as to whether the plaintiff is entitled to advance beyond the filing of his complaint, and such conclusion will have to depend on the professional's own understanding of what is required to file a suit. Thus, it becomes clear that section 2-622 confers upon the healing art profession the decision-making power heretofore exercised only by our courts as to whether a particular case has merit, and yet `the very purpose of a court of law is to determine whether an action filed by a party has merit' (Emphasis added.) Berlin v. Nathan (1978), 64 Ill.App.3d 940, 952, 21 Ill.Dec. 682, 381 N.E.2d 1367, cert. denied (1979), 444 U.S. 828, 62 L.Ed.2d 36, 100 S.Ct. 53.
Further, the decision-making function is assigned to medical professionals who are untrained in the law, are not appointed through our established judicial selection methods, are not made to answer to any judicial supervisory authority, and are not bound by any precedent, legal principles, guides, or standards by which they are to evaluate claims. Indeed, there is no legal obligation imposed upon health professionals to review claims of malpractice and to provide reports thereon, *710 nor could a court compel them to do so. In this connection, it is noteworthy that it was but a few short years ago that our supreme court decried the difficulty of getting `the doctors and nurses in attendance [at an anesthetized plaintiff's surgical operation to] voluntarily * * * disclose the identity of the negligent person and the facts establishing liability' occurring during surgery, and applied the doctrine of res ipsa loquitur, expressly adopting the ruling and reasoning of the California Supreme Court in Ybarra v. Spangard (1944), 25 Cal.2d 486, 490-92, 154 P.2d 687, 689-90. (Kolakowski v. Voris (1980), 83 Ill.2d 388 [47 Ill.Dec. 392], 415 N.E.2d 397.) And notwithstanding that ours is a `fact pleading' State, as opposed to one permitting `notice pleading,' section 2-622 adds to those rigors that of requiring a plaintiff to make a showing to a layman of at least the essential elements of a prima facie case even before he reaches the office of the clerk of the court to plunk down his filing fee.
If a panel of three judges cannot operate constitutionally (In re Contest for Governor, 93 Ill.2d 463, [67 Ill.Dec. 131], 444 N.E.2d 170), nor a panel consisting of one circuit judge and two laymen (Bernier, 113 Ill.2d 219 [100 Ill.Dec. 585], 497 N.E.2d 763), we [cannot] perceive how a solitary layman can be permitted under our State Constitution to `determine' what constitutes a `reasonable and meritorious cause' for the filing of a lawsuit. The unconstitutional invasion of the court's authority in this case is all too disturbingly clear. The legislature has overstepped the bounds of constitutional authority; its delegation of judicial power is incongruous with the provisions of article II and section 1 of article VI of the Constitution of the State of Illinois. For the reasons indicated we conclude that section 2-622 of the Code of Civil Procedure (Ill.Rev.Stat.1985, ch. 110, par. 2-622) is unconstitutional." (DeLuna, 184 Ill.App.3d at 808-10, 132 Ill.Dec. at 929-30, 540 N.E.2d at 851-52.)
The view stated in DeLuna has since been presented to and rejected by the Second District Appellate Court in Premo v. Falcone (1990), 197 Ill.App.3d 625, 633, 144 Ill.Dec. 32, 38, 554 N.E.2d 1071, 1077, appeal denied (1990), 133 Ill.2d 572, 149 Ill. Dec. 336, 561 N.E.2d 706, and Kus v. Sherman Hospital (1990), 204 Ill.App.3d 66, 72, 149 Ill.Dec. 103, 106, 561 N.E.2d 381, 384.
Whether section 2-622 violates the principle of separation of powers is a question of first impression in this district and, having carefully considered the analysis of Bloom and DeLuna, we find the reasoning of Bloom more persuasive. The plaintiff's argument that section 2-622 is unconstitutional is without merit.
The plaintiff also argues that pursuant to McCastle v. Sheinkop (1987), 121 Ill.2d 188, 117 Ill.Dec. 132, 520 N.E.2d 293, the trial court erred in dismissing the complaint with prejudice.
Plaintiff filed his complaint on March 27, 1989, with affidavit of counsel stating that, because of the statute of limitations, he was unable to comply with section 2-622. Plaintiff took no further action and, on September 19, 1989, defendant Wellons filed a motion to dismiss with prejudice because of the plaintiff's failure to comply with section 2-622. Defendant Kauten filed a similar motion to dismiss October 6, 1989. Other than filing a notice of claim of unconstitutionality on November 13, 1989, no further action was taken by the plaintiff. No certificate and written report were ever filed by the plaintiff. Until hearing on defendants' motions to dismiss, plaintiff never requested an extension of time to file the required certificate and written report.
There is nothing before this court which would indicate that the trial court found the dismissal with prejudice was statutorily required. Also, in McCastle, at the hearing on the motion to dismiss, the plaintiff stated that affidavits could be filed and made available to the court. This was in conjunction with the plaintiff's desire to be given leave to file an amended complaint. The supreme court stated:
"The decision whether to grant leave to amend the pleadings is within the *711 sound discretion of the trial court. However, we will not hesitate to overturn the trial court's determination where there has been a manifest abuse of discretion. [Citation.] Here, the trial court proceeded under the erroneous belief that section 2-622 requires dismissal with prejudice." McCastle, 121 Ill.2d at 194, 117 Ill.Dec. at 135, 520 N.E.2d at 296.
Here, the plaintiff, in initially filing his complaint, complied with section 2-622(a)(2) (Ill.Rev.Stat.1989, ch. 110, par. 2-622(a)(2)), which states:
"That the affiant was unable to obtain a consultation required by paragraph 1 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations. If an affidavit is executed pursuant to this paragraph, the certificate and written report required by paragraph 1 shall be filed within 90 days after the filing of the complaint. The defendant shall be excused from answering or otherwise pleading until 30 days after being served with a certificate required by paragraph 1."
The only pleading filed by the plaintiff, other than the complaint and affidavit on March 27, 1989, was the notice of claim of unconstitutionality filed November 13, 1989. On March 7, 1990, almost one year after the complaint was filed, plaintiff filed a response to defendant's motion to dismiss, asserting the unconstitutionality of section 2-622 and, in the alternative, requesting leave to amend by filing a certificate and report within 30 days or a voluntary dismissal pursuant to section 2-1009 of the Code (Ill.Rev.Stat.1989, ch. 110, par. 2-1009) or a dismissal without prejudice.
By invoking the statute of limitations provision of section 2-622, the plaintiff sought 90 days in which to file the affidavit and written report as required. Plaintiff did nothing, however, and let the 90-day period pass, and not until the time of the hearing on defendants' motion to dismiss, March 7, 1990, did plaintiff file a response to defendants' motions to dismiss. Plaintiff did not file any motion for extension of time within 90 days from the filing of the complaint. Plaintiff has shown no good cause for the delay and has failed to present any evidence of good cause for failure to file the certificate and report as required by section 2-622. Supreme Court Rule 183 (107 Ill.2d R. 183) does allow late filing for good cause. It states:
"The court, for good cause shown on motion after notice to the opposite party, may extend the time for filing any pleading or the doing of any act which is required by the rules to be done within a limited period, either before or after the expiration of the time."
The trial court's dismissal of the plaintiff's complaint was proper. Premo v. Falcone (1990), 197 Ill.App.3d 625, 144 Ill.Dec. 32, 554 N.E.2d 1071; Batten v. Retz (1989), 182 Ill.App.3d 425, 130 Ill.Dec. 968, 538 N.E.2d 179.
As this court stated in Moss v. Gibbons (1989), 180 Ill.App.3d 632, 638, 129 Ill.Dec. 441, 445, 536 N.E.2d 125, 129:
"The determination of whether the pleadings are sufficient to comply with section 2-622 is a matter of discretion for the circuit court. This pleading determination depends on the facts and circumstances of each case. (Alford, 169 Ill. App.3d at 854-55 [119 Ill.Dec. at 813], 523 N.E.2d at 569.) Where the pleadings are determined to be insufficient, the circuit court must determine whether to allow amendment or dismissal. Absent a manifest abuse of discretion, the amendment or dismissal determination of the circuit court will not be disturbed on appeal. McCastle v. Sheinkop (1987), 121 Ill.2d 188, 194 [117 Ill.Dec. 132, 135], 520 N.E.2d 293, 296."
It is clear, the trial court was correct in dismissing the plaintiff's complaint. The order of the circuit court of Sangamon County is affirmed.
Affirmed.
SPITZ and STEIGMANN, JJ., concur.