LOUISE CALAMARI, Plaintiff-Appellant, v. JOHN DRAMMIS, JR., Defendant-Appellee.

First District (2nd Division)    No. 1—96—1102

Opinion filed February 4, 1997.

Barbara J. Clinite, of Chicago, for appellant.

Robert A. Strelecky and Barbara M. Prohaska, both of Wildman, Harrold, Allen & Dixon, of Lisle, for appellee.

PRESIDING JUSTICE DiVITO delivered the opinion of the court:
In this appeal, we are asked to address the constitutionality of a recent amendment to section 2—622 of the Code of Civil Procedure (see Pub. Act 89—7, eff. March 9, 1995 (amending 735 ILCS 5/2—622 (West 1992))), the applicability of that amendment to a refiled complaint, and the propriety of the circuit court's dismissal of a medical malpractice complaint with prejudice.
Plaintiff Louise Calamari filed a complaint against defendant Dr.

John Drammis, Jr., alleging that he was negligent in performing plastic surgery on her. Defendant moved to dismiss plaintiff's complaint for failure to file the attorney's affidavit of merit and physician's report that section 2—622 of the Code of Civil Procedure (735 ILCS 5/2—622 (West 1992)) requires. Plaintiff thereafter voluntarily dismissed her complaint.

Subsequent to this dismissal, an amendment to section 2—622 became effective. See Pub. Act 89—7, eff. March 9, 1995 (amending 735 ILCS 5/2—622 (West 1992)). Plaintiff refiled her complaint after the amendment became effective. Pursuant to defendant's motion, the court dismissed her refiled complaint with prejudice for failure to comply with the amended version of section 2—622.

Plaintiff argues that the court improperly dismissed her complaint because (1) the amendment to section 2—622 did not apply to her refiled complaint; (2) the amendment is unconstitutional; and (3) the circuit court abused its discretion in dismissing her complaint with prejudice.

## PROCEDURAL HISTORY

On March 14, 1994, plaintiff filed a complaint alleging that, on or about April 8, 1992, defendant negligently performed surgery to install malar augmentation implants under her eyes. Plaintiff alleged that she first learned on May 22, 1992, that one of the implants had been improperly positioned. She attached an affidavit in which her attorney asserted that she had been unable to obtain a physician's report prior to the expiration of the statute of limitations. Based on this affidavit, plaintiff obtained a 90-day extension to file an attorney's affidavit of merit and physician's report pursuant to section 2—622.

On June 29, 1994, defendant filed a motion to dismiss the complaint on the basis that plaintiff had failed to comply with section 2—622 within the 90-day period. On July 7, 1994, the court granted plaintiff's motion to voluntarily dismiss her complaint.

On July 5, 1995, plaintiff refiled her complaint against defendant pursuant to section 13—217 of the Code of Civil Procedure (735 ILCS 5/13—217 (West 1992)). Plaintiff attached an affidavit, in which her attorney again asserted that she had been unable to obtain a physician's report prior to the expiration of the statute of limitations.

On August 15, 1995, defendant filed a motion to dismiss under section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1992)) based on plaintiff's failure to comply with section 2—622. In response to the motion to dismiss, plaintiff filed a motion on October 5, 1995, for leave to file an amended complaint.

Her proposed amendment included an attorney's affidavit of

merit and a physician's report. In the affidavit, her attorney stated that she had consulted with a knowledgeable, qualified, and experienced health professional who had determined in a report that there was reasonable and meritorious cause for filing the complaint.

The attached physician's report consisted of a letter from Dr. McCarthy DeMere. In the letter, Dr. DeMere did not address the merit of plaintiff's case, and plaintiff concedes that this letter did not meet the requirements of section 2—622.

At the same time she filed her motion for leave to amend, plaintiff filed a memorandum in opposition to the motion to dismiss. In this memorandum, she asserted that a medical expert had advised her that there was malpractice and that she was attempting to obtain a supplemental physician's report to more specifically address medical issues.

Based on the amendment to section 2—622, the court dismissed plaintiff's complaint with prejudice on October 10, 1995. Plaintiff filed a motion to reconsider this judgment but, in a six-page written order dated February 23, 1996, the court denied the motion to reconsider.

The court rejected plaintiff's argument that the amended version of the statute did not apply to her case and rejected plaintiff's claim that the amendment was unconstitutional. In denying the motion to reconsider the dismissal with prejudice, the court noted that plaintiff had failed to file a physician's report with her original complaint and had failed to attach the report of a physician to the complaint she refiled 39 months after the incident and two days before the expiration of the one-year refiling period. Five months after the refiling, plaintiff had still not filed the necessary report.

The court acknowledged that, after defendant filed a motion to dismiss the 1995 complaint, plaintiff had requested leave to file an amended complaint and the report of a physician. The court found that this report was insufficient under section 2—622 because the physician did not state that there was good cause to file the suit, but the court stated that it did not base its decision on the inadequacy of the report.

## APPLICABILITY OF THE AMENDMENT

Plaintiff first argues that the amendment to section 2—622 did not apply to her complaint because her cause of action accrued before the amendment became effective. At the time plaintiff filed her complaint in March 1994, section 2—622 provided:

"(a) In any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason

of medical, hospital, or other healing art malpractice, the plaintiff's attorney or the plaintiff, if the plaintiff is proceeding pro se, shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following:

1. That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular action; (ii) practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in the particular action; and (iii) is qualified by experience or demonstrated competence in the subject of the case; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action. *** A copy of the written report, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists, must be attached to the affidavit ***.

2. That the affiant was unable to obtain a consultation required by paragraph 1 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations. If an affidavit is executed pursuant to this paragraph, the certificate and written report required by paragraph 1 shall be filed within 90 days after the filing of the complaint. The defendant shall be excused from answering or otherwise pleading until 30 days after being served with a certificate required by paragraph 1.

3. That a request has been made by the plaintiff or his attorney for examination and copying of records *** and the party required to comply *** has failed to produce such records within 60 days of the receipt of the request. If an affidavit is executed pursuant to this paragraph, the certificate and written report required by paragraph 1 shall be filed within 90 days following receipt of the requested records. All defendants except those whose failure to comply *** is the basis for an affidavit under this paragraph shall be excused from answering or otherwise pleading until 30 days after being served with a certificate required by paragraph 1.

\* \* \*

(h) This Section does not apply to or affect any actions pending at the time of its effective date, but applies to cases filed on or af-

ter its effective date." 735 ILCS 5/2—622(a)(1), (a)(2), (a)(3), (h) (West 1992).

Effective March 9, 1995, the legislature amended subsection (a)(1) of section 2—622 to require the physician's report to include the name of the physician and changed subsection (a)(2) as follows:

"2. That the plaintiff has not previously voluntarily dismissed an action based upon the same or substantially the same acts, omissions, or occurrences and that the affiant was unable to obtain a consultation required by paragraph 1 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations. If an affidavit is executed pursuant to this paragraph, the certificate and written report required by paragraph 1 shall be filed within 90 days after the filing of the complaint. The defendant shall be excused from answering or otherwise pleading until 30 days after being served with a certificate required by paragraph 1." 735 ILCS 5/2—622(a)(2) (West Supp. 1995).

The remainder of the section remained the same. The amendment also provided:

"(h) This amendatory Act of 1995 does not apply to or affect any actions pending at the time of its effective date, but applies to cases filed on or after its effective date." 735 ILCS 5/2—622(h) (West Supp. 1995).

Plaintiff's argument that the amendment did not apply is not based on this applicability language in the amendment to section 2—622 but rather on the applicability language contained in an amendment to section 13—217, which became effective at the same time as the section 2—622 amendment. The amendment to section 13—217 states that it applies only to "causes of action accruing on or after its effective date." 735 ILCS 5/13—217 (West Supp. 1995). According to plaintiff, the amendment to section 2—622 should also apply only to causes of action accruing after its effective date, because the amendments should be read *in pari materia*.

■ In construing a statute, a court's primary duty is to ascertain and give effect to the intent of the legislature. *State of Illinois v. Mikusch*, 138 Ill. 2d 242, 247, 562 N.E.2d 168 (1990). To determine this intent, a court first examines the language of the statute and, if this language is clear, the court should not use extrinsic aids for construction. *In re Marriage of Logston*, 103 Ill. 2d 266, 277, 469 N.E.2d 167 (1984). A court will look to similar statutes as an aid to construction only when the statute at issue is ambiguous. *Kozak v. Retirement Board of Firemen's Annuity & Benefit Fund*, 95 Ill. 2d 211, 219-20, 447 N.E.2d 394 (1983).

■ In this case, the amendment to section 2—622 expressly

provides that it does not apply to pending cases but applies to cases filed after its effective date. Under the express terms of the amendment, therefore, the amendment applied unless plaintiff's case was pending at the time the amendment became effective. Her case was not pending, however, because she had voluntarily dismissed it. Until she refiled it, there was nothing pending before the circuit court. She refiled it after the effective date of the amendment and, therefore, the amendment applied according to its plain language. The applicability language of the section 2—622 amendment is not ambiguous and, consequently, we refuse plaintiff's request to look at the language of the amendment to section 13—217 to determine the applicability of the amendment to section 2—622.

The court's decision in *Lyon v. Hasbro Industries, Inc.*, 156 Ill. App. 3d 649, 509 N.E.2d 702 (1987), supports a conclusion that the amendment applied to plaintiff's refiled complaint. Under essentially identical applicability language and circumstances, the *Lyon* court held that section 2—622 applied to a cause of action that had accrued prior to the effective date of that statute.

In *Lyon*, the plaintiff filed a complaint before the legislature enacted section 2—622. The plaintiff voluntarily dismissed his complaint and, before he refiled it, section 2—622 became effective. *Lyon*, 156 Ill. App. 3d at 656.

Like plaintiff in this case, the plaintiff in *Lyon* argued that it was unfair to apply section 2—622 to his complaint because his cause of action had accrued before the statute became effective. The *Lyon* court rejected this argument. It reasoned that, under the language of section 13—217, which allows a plaintiff to file a "new action" within one year of voluntary dismissal, the complaint plaintiff refiled after the effective date of section 2—622 was a new action. Pursuant to the applicability language in section 2—622, therefore, this provision applied. *Lyon*, 156 Ill. App. 3d at 656.

The court's holding in *Lyon* compels a conclusion in this case that the amendment applied to plaintiff's refiled complaint. As in *Lyon*, plaintiff's complaint was a new action under section 13—217. The applicability language of the amendment is identical to that of section 2—622 and, therefore, like the court in *Lyon*, we find that the amendment applied to plaintiff's refiled complaint.

Other cases defendant cites also support a conclusion that the amendment applied. These cases show that, after a complaint is voluntarily dismissed, it is no longer pending and is a new action when it is refiled. In *Neuman v. Burstein*, 230 Ill. App. 3d 33, 595 N.E.2d 659 (1992), for example, the court held that, under the language of section 13—217, a complaint filed after a voluntary dismissal is a

new action. The plaintiff in *Neuman* voluntarily dismissed her case after the defendants filed a motion to dismiss for failure to comply with section 2—622. *Neuman*, 230 Ill. App. 3d at 34-35.

When the plaintiff refiled her complaint within one year of the voluntary dismissal, she filed an affidavit to obtain a 90-day extension to provide the affidavit of merit and physician's report. The circuit court refused this request and dismissed her complaint with prejudice. *Neuman*, 230 Ill. App. 3d at 35. The circuit court reasoned that the 90-day extension the plaintiff had obtained after filing her original complaint prevented her from obtaining an additional extension after refiling her complaint. *Neuman*, 230 Ill. App. 3d at 36.

The appellate court reversed the circuit court. It decided that the extension the plaintiff had obtained in the previous action did not prevent her from receiving another 90 days in her refiled action because this was a new action. *Neuman*, 230 Ill. App. 3d at 36-38; see also *Gonzalez v. Thorek Hospital & Medical Center*, 143 Ill. 2d 28, 38-39, 570 N.E.2d 309 (1991) (an action dismissed for want of prosecution and refiled under section 13—217 was not pending during the time after dismissal and before refiling).

In her reply brief, plaintiff also argues that the circuit court erred in applying the amendment to section 2—622 to her refiled complaint because this was an improper retroactive application of the provision.

According to plaintiff, the amendment is not clearly retroactive and, therefore, the circuit court should not have applied it to her case, which accrued prior to the effective date of the amendment. Even if it were intended to be applied retroactively to cases that accrued before it became effective, she contends, retroactive application would be improper because the amendment makes a substantive change that imposes a new disability with respect to previously accrued causes of action. Plaintiff further argues that retroactive application of the amendment is improper because it would impair her vested rights to "not be barred by elimination of a time period" and to be compensated for injuries she suffered as a result of healing art malpractice.

Plaintiff is correct in arguing that statutes are presumed to apply prospectively, and courts will not apply them retroactively absent clear language that the legislature intended retroactive application. See *First of America Bank, Rockford, N.A. v. Netsch*, 166 Ill. 2d 165, 182, 651 N.E.2d 1105 (1995). A statute is retroactive if it "takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already past." *Fireside*

*Chrysler-Plymouth Mazda, Inc. v. Chrysler Corp.*, 129 Ill. App. 3d 575, 581, 472 N.E.2d 861 (1984).

Plaintiff's argument that the amendment is retroactive is erroneous. The amendment creates no new obligation, duty, or disability with respect to a past transaction or consideration. Although the events comprising plaintiff's cause of action occurred prior to the effective date of the amendment, the amendment does not relate to these events. It merely imposes a new deadline with respect to documents plaintiff was required to file after the effective date of the amendment.

The amendment also is not retroactive in the sense that it removes or impairs a vested right. There is no vested interest in a continuance of a statute or law, and a "vested right is more than a mere expectation based upon an anticipated continuance of existing law." *Shepard v. Pollution Control Board*, 272 Ill. App. 3d 764, 772, 651 N.E.2d 555 (1995). No party has a vested right in a particular method of procedure. *Songer v. State Farm Fire & Casualty Co.*, 91 Ill. App. 3d 248, 254, 414 N.E.2d 768 (1980). Plaintiff's expectation that she could obtain a 90-day extension after refiling her complaint, therefore, was not a vested right.

Plaintiff relies on the decision in *Harraz v. Snyder*, 283 Ill. App. 3d 254 (1996), to support her claim that the statute was retroactive because it impaired a vested right to recovery for medical negligence. In *Harraz*, the plaintiff voluntarily dismissed a wrongful death and survival complaint against a doctor and a hospital. She refiled the complaint pursuant to section 13—217. Two months before she refiled her complaint, an amendment adding section 2—624 to the Code of Civil Procedure (735 ILCS 5/2—624 (West Supp. 1995)) became effective and substantially changed the elements necessary for pleading and proving that a doctor acted as an apparent agent of a hospital. The amendment stated that it applied to causes of action filed on or after its effective date. *Harraz*, 283 Ill. App. 3d at 258.

The *Harraz* court refused to apply the amendment to the plaintiff's complaint. The court decided that the statute was retroactive because plaintiff had a vested right in her accrued cause of action because the rights and obligations of the parties had vested at the time of the occurrence. *Harraz*, 283 Ill. App. 3d at 263. It reasoned that the amendment could be applied only prospectively because it effected a substantive change in the law and imposed a new disability with respect to a transaction that had already occurred. *Harraz*, 283 Ill. App. 3d at 260-61. Also, the court stated that it would be unfair to apply the new statute to plaintiff's complaint, because the plaintiff had had only eight weeks after the effective date of the statute to file

her complaint and this was not a reasonable time in which to require her to conform to the new requirements. *Harraz*, 283 Ill. App. 3d at 266.

The *Harraz* holding does not apply to this case. Unlike the new statute in *Harraz*, the amendment in this case was not retroactive because it did not impose a new obligation with respect to a past transaction. While the amendment in *Harraz* would have changed the requirements for pleading the underlying cause of action, which had accrued prior to the effective date of the statute, the amendment in this case did not affect the underlying cause of action. It merely eliminated a 90-day extension of time to comply with the pleading requirements of section 2—622.

Even if the amendment were retroactive, it could be applied to plaintiff's case because, unlike the statute in *Harraz*, it is procedural. See *Matviuw v. Johnson*, 111 Ill. App. 3d 629, 632, 444 N.E.2d 606 (1982). Furthermore, plaintiff had four months after the effective date of the amendment to section 2—622 to comply with its requirements. Unlike *Harraz*, there was no unfairness in requiring plaintiff to comply with this change in the law.

The circuit court properly applied the amendment to section 2—622. Plaintiff's refiled complaint was filed after the effective date of the amendment and was not pending at the time it became effective. Thus, the amendment applied according to its terms. In addition, application of the amendment was not retroactive and, even if it were, retroactive application would have been proper.

## CONSTITUTIONALITY OF THE AMENDMENT

■ Next, plaintiff argues that the amendment to section 2—622 was unconstitutional. She contends that it violates the provisions in the Illinois Constitution requiring separation of powers, ensuring access to the courts, and guaranteeing due process.

Plaintiff argues that the amendment violates the separation of powers required by the Illinois Constitution because it impermissibly interferes with the court's exercise of authority. According to plaintiff, it eliminates a court's power to determine the merits of a complaint by requiring a court to dismiss a refiled complaint with prejudice for failure to comply with the amendment.

In *McAlister v. Schick*, 147 Ill. 2d 84, 588 N.E.2d 1151 (1992), the supreme court upheld the constitutionality of section 2—622 against a separation of powers challenge. In *McAlister*, the plaintiff made the same argument plaintiff makes in this case, but the court rejected this argument. It stated that section 2—622 does not limit the circuit court's power to determine facts but, rather, helps it to understand

the facts of the case. The *McAlister* court decided that section 2—622 did not interfere with the circuit court's authority to decide a case because, under section 2—622, only the circuit court has the power to dismiss a case if it finds it to be insufficient. *McAlister*, 147 Ill. 2d at 93, 97; see also *DeLuna v. St. Elizabeth's Hospital*, 147 Ill. 2d 57, 588 N.E.2d 1139 (1992).

Based on *McAlister*, we reject plaintiff's separation of powers challenge. The reasoning of the *McAlister* decision applies to plaintiff's separation of powers argument because the previous and amended versions of section 2—622 give a circuit court the same authority to dismiss a complaint based on a violation of the section. Both the original and the amended versions of section 2—622 state that failure to file the certificate required by the section "shall be grounds for dismissal." The amendment merely requires an earlier filing of this certificate in cases that have been voluntarily dismissed.

Plaintiff also challenges the amendment on the basis that it interferes with her right of access to the courts and due process. She claims that the amendment prevented her from obtaining a hearing on the merits of her claim and deprived her of her day in court. The supreme court's decision in *DeLuna v. St. Elizabeth's Hospital*, 147 Ill. 2d 57, 588 N.E.2d 1139 (1992), however, requires us to reject these arguments.

In *DeLuna*, the plaintiff also argued that section 2—622 interfered with his right to access to the courts and his due process rights. The *DeLuna* court found these constitutional challenges to be without merit. It stated that the legislature may impose reasonable limitations and conditions on a litigant's access to the court. It decided that section 2—622 does not unconstitutionally infringe on a litigant's access to the courts by requiring the litigant to obtain, before trial, a report from a health care professional stating that the case is meritorious. *DeLuna*, 147 Ill. 2d at 72-73.

The *DeLuna* court also refused to accept the plaintiff's due process challenge to section 2—622. In that case, as in this case, the plaintiff argued that section 2—622 burdened a fundamental right. The court rejected this argument and applied the rational basis test. *DeLuna*, 147 Ill. 2d at 74. Under this test, the court concluded that section 2—622 was rationally related to the legitimate governmental interest of reducing the number of frivolous actions filed. By requiring litigants to obtain, at an early stage, the opinion of an expert that the cause of action is meritorious, section 2—622 helps ensure that litigants present only claims with some merit. *DeLuna*, 147 Ill. 2d at 75.

Under *DeLuna*, we uphold the constitutionality of the amend-

ment to section 2—622 against plaintiff's court access and due process challenges. Contrary to plaintiff's assertion, the amendment to section 2—622 did not deprive her of her day in court. She could have avoided dismissal by filing the attorney's affidavit of merit and the physician's report with her refiled complaint or by filing an affidavit under subsection (a)(3) of section 2—622. The amendment merely prevented her from obtaining a second 90-day extension to provide the documents section 2—622 requires.

There was also no due process violation. Like the original version of the statute, the amended version is rationally related to a legitimate government interest. As Representative Cross explained in the debates concerning the amendment to section 2—622, this amendment was intended to "strengthen [section 2—622] for its original purpose of reducing the number of frivolous claims." 89th Ill. Gen. Assem., House Proceedings, February 16, 1995, at 120 (statement of Representative Cross). In *DeLuna*, the supreme court held that eliminating frivolous lawsuits at an early stage is a legitimate government interest. *DeLuna*, 147 Ill. 2d at 75. Like the original version of section 2—622, the amendment is rationally related to this purpose. The elimination of the 90-day extension in previously voluntarily dismissed cases helps ensure that only cases with some merit are refiled. By reducing the number of frivolous cases at an early stage, the amendment also lessens the costs of litigation related to those cases, which is another legitimate government goal. See *DeLuna*, 147 Ill. 2d at 65.

Plaintiff argues, however, that the amendment is unconstitutional because, by amending section 2—622, the legislature did not just intend to reduce the number of frivolous suits; rather, it improperly intended to reduce the number of medical negligence suits, regardless of merit. She bases this argument on the legislature's statement of purpose, which accompanied the amendment to section 2—622 and the other Civil Justice Reform Amendments of 1995. The legislature stated that, by enacting the amendments, it intended to modify and improve the civil justice system in order to "[r]educe the frequency and severity of civil claims, including healing art malpractice and product liability claims." Pub. Act 89—7, eff. March 9, 1995.

The legislative history, however, shows that the legislature intended to reduce the frequency and severity of civil claims by eliminating frivolous suits, not by preventing plaintiffs from bringing suits with merit. As Representative Cross explained in the debates on the amendment: "Even with the affidavit of merit [required by section 2—622], health care providers win 79% of the claims brought. These *** Civil Justice Amendments of 1995 are meant to correct that situation." 89th Ill. Gen. Assem., House Proceedings, February

16, 1995, at 120 (statement of Representative Cross). This statement and the amendment itself, which requires an affidavit of merit at an earlier stage of the proceedings on a refiled complaint, illustrate that the legislature's intention was to reduce the number of *frivolous* suits filed.

Based on the supreme court decisions in *McAlister* and *DeLuna*, as well as the legislative history of the amendment, we reject plaintiff's constitutional challenge to the amendment to section 2—622.

## PROPRIETY OF THE CIRCUIT COURT'S DISMISSAL ORDER

■ Plaintiff further argues that, even if the amendment to section 2—622 were applicable and constitutional, the circuit court erred in dismissing her complaint with prejudice and should have allowed her to file an amended complaint. She contends that the court erroneously believed that, under the amendment, it had no discretion and was required to dismiss her complaint with prejudice. She also asserts that, even if the court believed it had discretion, it was an abuse of discretion to dismiss her complaint with prejudice.

Plaintiff's argument that the court erroneously believed the amendment required it to dismiss plaintiff's complaint with prejudice is not supported by the record. There is nothing in the record that shows that the court believed it had no discretion under the amendment with respect to the dismissal of plaintiff's complaint. To the contrary, the court's extensive discussion of the particular circumstances of the case in its denial of plaintiff's motion to reconsider leads to the conclusion that the court's dismissal with prejudice was an exercise of discretion based on the court's consideration of these circumstances. This lengthy discussion would not have been necessary if the court had believed that the amendment imposed an absolute requirement of dismissal with prejudice for failure to comply with section 2—622.

The record supports the court's exercise of discretion in this case. Section 2—622 does not require dismissal with prejudice for noncompliance (*McCastle v. Mitchell B. Sheinkop, M.D., Ltd.*, 121 Ill. 2d 188, 193-94, 520 N.E.2d 293 (1987)), but it is within the discretion of the circuit court to decide whether to dismiss the complaint with prejudice based on a failure to meet the requirements of section 2—622. *Cuthbertson v. Axelrod*, 282 Ill. App. 3d 1027, 1034, 669 N.E.2d 601 (1996); *Peterson v. Hinsdale Hospital*, 233 Ill. App. 3d 327, 330, 599 N.E.2d 84 (1992). Here, the circuit court considered the particular facts and circumstances of the case in deciding to dismiss the complaint with prejudice; the record discloses no abuse of discretion. See *Wasielewski v. Gilligan*, 189 Ill. App. 3d 945, 951, 546 N.E.2d 15 (1989).

In this case, the court did consider the particular facts and circumstances of the case, as its written denial of the motion for reconsideration indicates. Its order shows that plaintiff's delays in filing the documents required under section 2—622 were the basis for the dismissal with prejudice.

The circuit court's decision is supported by cases in which courts have upheld dismissals with prejudice. In at least two cases, these dismissals were based on the circuit court's consideration of the plaintiffs' failure to show good cause for not timely filing the documents required by section 2—622. See *Premo v. Falcone*, 197 Ill. App. 3d 625, 631, 554 N.E.2d 1071 (1990); *Batten v. Retz*, 182 Ill. App. 3d 425, 430, 538 N.E.2d 179 (1989). As the court explained in *Premo*, the time limits in section 2—622 show an intent that the necessary documents be filed expeditiously. This is consistent with the objectives of the statute to discourage frivolous suits and to protect health care professionals from having to defend against these suits. *Premo*, 197 Ill. App. 3d at 631.

In this case, as in *Batten* and *Premo*, plaintiff has not shown good cause for her failure to provide the necessary documents under section 2—622. Plaintiff had 90 days after filing her original complaint and an additional year after voluntarily dismissing it in which to obtain these documents. Nevertheless, upon refiling her complaint, she asked for an additional 90 days to comply with section 2—622. She did not receive this extension, and she did not provide the court with an attorney's affidavit of merit or a physician's report until October 5, 1995, almost 90 days after she refiled her complaint. The physician's report she filed was deficient, and she asked for additional time to file a supplemental report, which, by February 5, 1996, she had not yet submitted. There is nothing in the record to indicate that plaintiff obtained a supplemental report at any subsequent time.

The circuit court properly considered these delays and the lack of any good cause for them in dismissing plaintiff's complaint with prejudice. As the *Premo* court noted, the 90-day time limit shows the legislature's intention to require expeditious compliance with the statute. This intention is indicated even more strongly by the amendment to section 2—622. The reason the legislature removed the 90-day extension for voluntarily dismissed cases was to avoid the type of delays that have occurred in this case. In addition, as in *Premo* and *Batten*, the documents with which plaintiff proposed to amend her complaint did not comply with section 2—622.

In support of her position, plaintiff cites cases in which courts have held that it was an abuse of discretion for a circuit court to dismiss a complaint with prejudice for failure to comply with the

requirements of section 2—622. See *Leask v. Hinrichs*, 232 Ill. App. 3d 332, 595 N.E.2d 1343 (1992); *Thompson v. Heydemann*, 231 Ill. App. 3d 578, 596 N.E.2d 664 (1992); *Huff v. Hadden*, 160 Ill. App. 3d 530, 513 N.E.2d 541 (1987). These cases are distinguishable, however, on the basis that they involved plaintiffs who had substantially complied with the requirements of section 2—622 and who, prior to the dismissals with prejudice, proposed amendments to remedy the deficiencies in their complaints. In these cases, unlike the one before us, the plaintiffs attached their attorneys' affidavits of merit and physicians' reports to their complaints at the time they filed them. Although the physician reports they attached were insufficient, the plaintiffs offered to amend their complaints to correct the defects in the reports. *Leask*, 232 Ill. App. 3d at 335, 337; *Thompson*, 231 Ill. App. 3d at 580-81; *Huff*, 160 Ill. App. 3d at 530-31.

Plaintiff's noncompliance with section 2—622 was more serious than that of the plaintiffs in those cases. Under the amendment, she could not obtain a 90-day extension to provide the court with an affidavit of merit and physician's report. Not only did she fail to attach an attorney's affidavit of merit or physician's report to her refiled complaint, she also never provided the court with an amended pleading that would have brought her complaint into compliance with section 2—622.

The facts of plaintiff's case are more like those in which the appellate court has upheld circuit court decisions to dismiss a complaint with prejudice for failure to comply with section 2—622. See *Jacobs v. Rush North Shore Medical Center*, 284 Ill. App. 3d 995 (1996); *Cuthbertson v. Axelrod*, 282 Ill. App. 3d 1027, 1034, 669 N.E.2d 601 (1996); *Tucker v. St. James Hospital*, 279 Ill. App. 3d 696, 665 N.E.2d 392 (1996); *Woodard v. Krans*, 234 Ill. App. 3d 690, 600 N.E.2d 477 (1992); *Garland v. Kauten*, 209 Ill. App. 3d 30, 567 N.E.2d 707 (1991); *Premo v. Falcone*, 197 Ill. App. 3d 625, 631, 554 N.E.2d 1071 (1990); *Batten v. Retz*, 182 Ill. App. 3d 425, 430, 538 N.E.2d 179 (1989); *Moss v. Gibbons*, 180 Ill. App. 3d 632, 536 N.E.2d 125 (1989).

According to plaintiff, section 2—622 does not authorize dismissal with prejudice for the failure to file a physician's report. Plaintiff acknowledges that the physician's letter she filed with her proposed amended complaint did not meet the requirements of section 2—622, but she argues that, given the sufficiency of the attorney's affidavit of merit she filed, the court should have allowed her additional time to obtain a supplemental physician's report.

Her affidavit, however, was not sufficient. In the affidavit, her attorney asserted that the health professional with whom she had consulted had determined in a report that there was a reasonable

and meritorious cause for filing the action. There is nothing in the record to show that there was such a report. To the contrary, Dr. De-Mere's letter, which plaintiff attached to her attorney's affidavit, did not address the merit of plaintiff's claim. Given these facts, the circuit court did not err in dismissing plaintiff's complaint with prejudice. See *Moss*, 180 Ill. App. 3d at 636 (the attorney's affidavit of merit did not comply with section 2—622 because the physician's report on which the attorney claimed to rely did not exist at the time the attorney executed the affidavit).

The circuit court also did not err in refusing to allow plaintiff to amend her complaint. Although there is no order in the record denying plaintiff's motion to amend, the court implicitly denied this motion in its order denying the motion to reconsider. The court stated that, although plaintiff had filed a motion for leave to amend her complaint to add a physician's report, the report did not meet the requirements of section 2—622.

Whether to allow an amendment to a complaint is within the sound discretion of the circuit court. *Regas v. Associated Radiologists, Ltd.*, 230 Ill. App. 3d 959, 968, 595 N.E.2d 1223 (1992). The circuit court does not abuse its discretion in denying a party leave to amend a pleading if that amendment will not cure the defects in the original pleading. *City of Elgin v. County of Cook*, 257 Ill. App. 3d 186, 198-99, 629 N.E.2d 86 (1993).

In this case, the circuit court dismissed plaintiff's complaint for failure to comply with section 2—622, and plaintiff acknowledges that the physician's report she filed with her proposed amended complaint did not meet the requirements of section 2—622. Given that her proposed amendment would not have cured the defects in her pleading, the court properly rejected it.

She argues, however, that the court should have given her additional time to obtain a supplemental report to cure these defects. As defendant argues, however, the record does not contain a request for additional time to file a supplemental report. It contains only an assertion by plaintiff in her October 1995 memorandum that she was in the process of obtaining a supplemental report.

Even if plaintiff had made such a request, however, it would not have been an abuse of discretion for the circuit court to have denied it. First, there is no evidence in the record that the supplemental report would have cured the defects in the report she provided. Second, given plaintiff's previous delays in obtaining a physician's report, the court would have been justified in concluding that it was unlikely such a report would have been forthcoming had it given plaintiff additional time. In fact, although plaintiff stated in October

1995 that she was in the process of obtaining a supplemental report, there is no evidence that she had done so by February 1996, when the court denied her motion to reconsider, or at any subsequent time.

It was not an abuse of discretion for the court to deny the request to amend, given the ample time plaintiff had to comply with section 2—622 and her failure to provide the court with a physician's report that would have complied with section 2—622. See *Batten*, 182 Ill. App. 3d at 430.

## CONCLUSION

We affirm the circuit court's dismissal of plaintiff's complaint. The 1995 amendment to section 2—622 is constitutional, and the circuit court did not abuse its discretion in dismissing plaintiff's complaint with prejudice under this amendment.

Judgment affirmed.

McNULTY and TULLY, JJ., concur.