No. 2--01--0007 

_________________________________________________________________ 

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

VIRGINIA GIEGOLDT, ) Appeal from the Circuit Court

                  ) of Lake County.

     Plaintiff-Appellant,       )

                                ) 

v. ) No. 00--L--101

)

CONDELL MEDICAL CENTER,         )  Honorable 

) John R. Goshgarian,

Defendant-Appellee. ) Judge, Presiding.

_________________________________________________________________

JUSTICE BYRNE delivered the opinion of the court:

Plaintiff, Virginia Giegoldt, appeals the circuit court's order dismissing her complaint against defendant, Condell Medical Center, because she failed to comply with section 2--622 of the Code of Civil Procedure (735 ILCS 5/2--622 (West 2000)).  Plaintiff contends that (1) she did not have to comply with section 2--622 because her complaint alleged simple negligence rather than healing art malpractice; (2) the documents she submitted complied with the statute; and (3) the court erred in denying her leave to amend her complaint to allege 
res ipsa loquitur
.

Plaintiff's original complaint alleged that on July 2, 1998, she was a patient at defendant hospital.  Plaintiff had just undergone surgery and "was not able to care for herself in any way."  Knowing her condition, defendant undertook her custody and control.  Defendant failed to closely monitor plaintiff as a postsurgical patient, failed to put bed rails up while plaintiff was sleeping, and failed to secure plaintiff with bed straps.  As a result of defendant's negligent acts, plaintiff fell out of bed, fracturing her back.

Defendant moved to dismiss, arguing that plaintiff did not comply with section 2--622.  Thereafter, plaintiff filed an "affidavit of plaintiff's attorney" and a designation of opinion witnesses pursuant to Supreme Court Rule 213 (177 Ill. 2d Rs. 213(f), (g)).  The attorney's affidavit states that he consulted with a health care professional who had determined that "there is a reasonable and meritorious cause for the filing of such action."  The affidavit states that the reviewing health professional "is a nurse licensed to practice medicine in all branches."  The Rule 213 notice named as potential opinion witnesses Dr. Marvin Primack and Mary Jean Kelley and attached their curricula vitae.

On May 30, 2000, the trial court continued the motion to dismiss, giving plaintiff until July 14 to comply with section 2--622.  After a further continuance, plaintiff filed the joint affidavit of her attorney and Kelley, a registered nurse.  The affidavit stated in essence that Kelley was qualified to render an opinion on the merits of the case and after reviewing relevant materials had concluded that plaintiff had a "reasonable and meritorious cause of action."  Defendant renewed its motion to dismiss, arguing that section 2--622 required that the reviewing health care professional be a physician.  On August 10, 2000, the court granted the motion and dismissed the cause without prejudice, allowing plaintiff 30 days to replead.

On September 19, 2000, nine days after the court-imposed deadline, plaintiff filed a purported routine motion for leave to file an amended complaint.  The proposed amended pleading made the same allegations as the original complaint and had attached an "Affidavit of Merit" from Dr. James Herron.  The affidavit states in its entirety as follows:

"1. That the cause of action is grounded in the malpractice against the agents of Condell Memorial Hospital.

2. That I, Dr. James Herron practice and have practiced within the same area of health care that is at issue in this action.

3. That I have determined, after review of relevant materials, that there is a reasonable and meritorious cause of action."

Defendant objected to the motion, so the court continued it.  Defendant again moved to dismiss, arguing that the new affidavit was not only untimely but consisted merely of conclusions.  At the hearing on the motion, defense counsel argued that Herron's affidavit was not filed within the time allowed by the court and that defense counsel had merely been faxed a copy of the affidavit, without a notary seal, on September 8.  The trial court dismissed the complaint with prejudice on October 3, 2000.

On November 2, 2000, plaintiff filed a motion to vacate the October 3 order and for leave to file a count II relying on 
res ipsa loquitur
.  Plaintiff filed a separate motion to reconsider the October 3 order.  In it, she contended that she did not need an affidavit because 
res ipsa loquitur
 applied and that the three affidavits she had filed were together sufficient to comply with section 2--622.

Attached to the second motion was another affidavit of Dr. Herron.  The affidavit states in relevant part that plaintiff's mental and physical conditions were "seriously deficient" on July 1 and 2, 1998, and that it is "common knowledge to everyone" that "such persons are incapable of taking care of themselves."  The affidavit further states that "they must be watched constantly to prevent them from injuring themselves; that they must be attended in all their functions; any untoward relenting in watching and taking care of such persons is obvious negligence, especially any deficiency in leaving them alone which is an invitation to falls (such as what happened to Mrs. Giegoldt), dangerous eating habits, and every possible adverse result which can and should be prevented and avoided." The affidavit concludes that leaving such a person unattended is a deviation from the standard of care.

The trial court denied plaintiff's motion in all respects.  Plaintiff filed a timely notice of appeal.

Section 2--622 prescribes procedures that must be followed when filing a complaint alleging healing art malpractice.  Specifically, plaintiff's attorney must file an affidavit stating the following:

"1. That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular action; (ii) practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in the particular action; and (iii) is qualified by experience or demonstrated competence in the subject of the case; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action."  735 ILCS 5/2--622(a)(1) (West 2000).

The statute further provides that if the defendant practices one of a number of listed professions, the report must be from a professional licensed in the same profession.  For "all other defendants," the report must be from a physician licensed to practice medicine in all its branches.  A copy of the report must be attached to the affidavit.  735 ILCS 5/2--622(a)(1) (West 2000).

Plaintiff's first appellate contention is that she was not required to file an affidavit and physician's report because her complaint alleged ordinary negligence rather than healing art malpractice.  Initially, we agree with defendant that plaintiff has waived this argument by failing to raise it in the trial court.  For more than seven months, plaintiff provided various affidavits attempting to comply with the statute.  She never argued that no affidavit was necessary because the complaint alleged ordinary negligence.  In her motion to reconsider she argued that no affidavit was required because she was then attempting to rely on 
res ipsa loquitur
, but this is a separate argument that we discuss later.

In any event, plaintiff's argument is clearly without merit.  It is true that not every injury sustained by a patient in a hospital results from healing art malpractice.  
Kolanowski v. Illinois Valley Community Hospital
, 188 Ill. App. 3d 821, 823 (1989).  Generally, however, a hospital's failure to provide adequate restraints, including bed rails, can only be established by expert medical testimony.  Therefore, these cases are treated as medical malpractice cases.  
Kolanowski
, 188 Ill. App. 3d at 824 (citing cases); 
Taylor v. City of Beardstown
, 142 Ill. App. 3d 584, 594 (1986).  Here, plaintiff's complaint alleges that she was a postsurgical patient and was unable to care for herself.  Thus, the complaint alleges that defendant had a duty to evaluate plaintiff's medical condition and determine the necessary degree of supervision or restraint.  These were medical judgments and plaintiff had to comply with section 2--622.

Owens v. Manor Health Care Corp.
, 159 Ill. App. 3d 684 (1987), on which plaintiff relies, is distinguishable.  Plaintiff there was a nursing home resident who fell out of his wheelchair.  The reviewing court held that plaintiff merely received custodial shelter care, not medical treatment.  Plaintiff's injury did not result from medical diagnosis or treatment.  
Owens
, 159 Ill. App. 3d at 688.  Here, the complaint's allegations clearly concerned plaintiff's medical treatment.

Plaintiff next contends that the three affidavits she filed--one from nurse Kelley and two from Dr. Herron--in combination satisfied the statute.  We disagree.

We have no trouble discounting the first two filings.  Initially, we note that the statute requires an affidavit from plaintiff's attorney that he has consulted with a medical professional, which must be accompanied by a doctor's report.  In most cases, plaintiffs file affidavits by the experts themselves.  Were this the only defect in plaintiff's pleadings, we might be inclined to disregard it as inconsequential, but it is not.

Plaintiff initially filed her attorney's affidavit that he had consulted with Kelley and, later, an affidavit by Kelley, who is a registered nurse.  However, section 2--622 clearly provides that, with certain exceptions not relevant here, the report must be that of a physician licensed to practice medicine in all its branches.  735 ILCS 5/2--622(a)(1) (West 2000).  Hospitals fall within the class of "all other defendants" for whom consultation with a physician is required.  Therefore, consultation with a nurse does not comply with the statute.  
Shanks v. Memorial Hospital
, 170 Ill. App. 3d 736, 739 (1988).

The first affidavit from Dr. Herron was similarly insufficient.  That document consists of nothing more than a conclusion that "there is a reasonable and meritorious cause of action."  However, section 2--622 provides that the report must state the 
reasons
 for the conclusion that the action is meritorious.  735 ILCS 5/2--622(a)(1) (West 2000).  A report submitted pursuant to section 2--622 must specifically discuss the involvement of each defendant and must consist of more than generalized conclusions of malpractice.  
Jacobs v. Rush North Shore Medical Center
, 284 Ill. App. 3d 995, 1000 (1996); 
Woodard v. Krans
, 234 Ill. App. 3d 690, 702 (1992); see 
Premo v. Falcone
, 197 Ill. App. 3d 625, 631 (1990) (report must clearly identify reasons for conclusion that there is good cause for the action).

Plaintiff also cannot rely on Dr. Herron's second affidavit, which was never properly filed with the court.  The affidavit was merely attached to the motion to reconsider.  Plaintiff never specifically sought leave to file it.  Plaintiff's motion for leave to file an amended complaint refers only to the 
res ipsa loquitur
 count.  In any event, the court denied plaintiff's motion for leave to file the amended complaint.

Section 2--622 makes clear that it is a pleading requirement.  The affidavit and reports must be attached to the original and all subsequent versions of the complaint.  735 ILCS 5/2--622(a) (West 2000).  Thus, the affidavit and report are considered part of the complaint, not merely in the nature of discovery documents that can be supplemented periodically.

Even if we were to consider Herron's second affidavit, it would still be deficient in a number of important ways.  As noted previously, plaintiff's counsel never filed an affidavit in conjunction with Herron's report.  Counsel's affidavit filed with the original complaint does not refer to Herron, only Kelley.  In addition, the affidavit does not contain Herron's address, that he is knowledgeable in the relevant issues, that he has practiced or taught in the same area of health care within the last six years, that he is qualified by experience or demonstrated competence in the subject, and that he had reviewed the relevant medical records, all of which are specifically required.  735 ILCS 5/2--622(a)(1) (West 2000).

Most significantly, the affidavit does not clearly define the applicable standard of care or how the hospital allegedly failed to meet that standard.  In elliptical fashion, the affidavit suggests that leaving a person such as plaintiff "to attend to herself is careless and a departure from known and practiced matters of care," but it fails to state clearly what the hospital should have done and what it failed to do.  Therefore, even if this final affidavit was properly before the court, plaintiff still did not comply with section 2--622.

Plaintiff's final contention is that the circuit court abused its discretion by refusing to allow her to amend her complaint to add a count for 
res ipsa loquitur
.  Amendments to pleadings should be liberally allowed to ensure that medical malpractice claims are decided on their merits rather than on procedural technicalities.  
Cuthbertson v. Axelrod
, 282 Ill. App. 3d 1027, 1034 (1996).  Nevertheless, where the proposed amendments will not cure any significant defects the trial court does not abuse its discretion when it denies leave to amend.  
Calamari v. Drammis
, 286 Ill. App. 3d 420, 435 (1997).

Plaintiff's argument appears to be based on the misconception that alleging 
res ipsa loquitur
 dispenses with the need to comply with section 2--622.  This premise is clearly refuted by paragraph (c) of section 2--622, which provides:

"(c) Where the plaintiff intends to rely on the doctrine of 'res ipsa loquitur[,]' *** the certificate and written report must state that, in the opinion of the reviewing health professional, negligence has occurred in the course of medical treatment.  The affiant shall certify upon filing of the complaint that he is relying on the doctrine of 'res ipsa loquitur.' " 735 ILCS 5/2--622(c) (West 2000).

Thus, the proposed amendment would not have cured the defects in plaintiff's pleadings as the complaint still would not satisfy the requirements of section 2--622.  In addition, plaintiff's attorney never sought to file the certification required by section 2--622(c).  Therefore, the trial court did not abuse its discretion in denying leave to amend.

Unfortunately, this case is all too similar to a number of recent cases in which courts have affirmed the dismissals of complaints for failure to comply with section 2--622.  That statute  is designed to reduce the number of frivolous lawsuits that are filed and to eliminate such actions at an early stage.  
Cuthbertson
, 282 Ill. App. 3d at 1034.  Section 2--622 must be liberally construed so that cases may be quickly and finally decided according to the substantive rights of the parties.  
Cuthbertson
, 282 Ill. App. 3d at 1034. 
 Whether to dismiss a complaint for failure to comply with section 2--622 is within the trial court's discretion.  
Cuthbertson
, 282 Ill. App. 3d at 1034.  Nevertheless, a liberal construction of the section does not require the trial court to keep a case pending indefinitely where plaintiff's counsel is either unwilling or unable to comply with the statutory requirements.

In 
Jacobs
, for example, the reviewing court held that the trial court did not abuse its discretion in dismissing plaintiff's complaint with prejudice.  The case had been pending for a total of 15 months and was dormant for nearly another year after plaintiff voluntarily dismissed his first complaint.  Plaintiff was allowed to file a total of three reports, none of which fully complied with section 2--622.  The court observed that plaintiff had had "ample time and opportunity to bring a proper case before the court" and affirmed the dismissal with prejudice.  
Jacobs
, 284 Ill. App. 3d at 1001; see also 
Premo
, 197 Ill. App. 3d at 633 (trial court properly dismissed complaint with prejudice where plaintiff did not show good cause for filing documents late and the late-filed documents were still deficient); 
Wasielewski v. Gilligan
, 189 Ill. App. 3d  945 (1989) (dismissal affirmed where plaintiff had numerous chances to comply with the statute).

The requirements of section 2--622 are neither complex nor unduly onerous.  Here, plaintiff filed her initial complaint on February 3, 2000.  The court dismissed the action with prejudice exactly eight months later, on October 3, 2000.  During this time, plaintiff's attorneys were given several opportunities to file the necessary documents.  It appears at one point that the trial judge read section 2--622 aloud to clearly show what the statute required.  However, the documentation filed by plaintiff's attorneys never came close to complying with the statute's requirements.  Even the affidavit of Dr. Herron submitted with the motion to reconsider on November 2, 2000--nine months after the case was filed--is still woefully deficient.  Plaintiff's arguments on appeal continue to reflect a serious misunderstanding of what the statute demands.

The requirements of the statute are clear.  The trial court was more than fair in giving plaintiff and her attorneys time to comply with them.

Therefore, we affirm the judgment of the circuit court of Lake County.

Affirmed.

McLAREN and BOWMAN, JJ., concur.