MARK CARGILL *et al.*, Plaintiffs-Appellees, v. THOMAS CZELATDKO *et al.*, Defendants-Appellants.

Fourth District    No. 4—04—0278

Argued September 15, 2004.—Opinion filed November 12, 2004.

Kevin M. Miller (argued) and Laura A. Petersen (argued), both of Quinn, Johnston, Henderson & Pretorius, of Peoria, for appellants.

Michael J. Meyer (argued), of Effingham, for appellees.

JUSTICE TURNER delivered the opinion of the court:

In July 2003, plaintiffs, Mark Cargill and Rebecca Renee Cargill, refiled a complaint against defendants, Thomas Czelatdko, E. David Jones, and Sarah Bush Lincoln Health Center, alleging healing art malpractice. In September 2003, defendants filed a motion to dismiss, which the trial court denied. In March 2004, the court granted defendants' motion to certify the following questions for interlocutory review pursuant to Supreme Court Rule 308(a) (155 Ill. 2d R. 308(a)):

> "1. Did P.A. 90—579 resurrect the amendments to [s]ection 2—622 of the Code of Civil Procedure (inserted by P.A. 89—7) which had been found unconstitutional by the Illinois Supreme Court's decision in *Best v. Taylor Machine Works*, 179 Ill. 2d 367?
>
> 2. If the response to the first question listed above is in the affirmative, then in a refiled healing art malpractice case does the [c]ircuit [c]ourt have discretion pursuant to [s]ection 2—622(a)(2) to 'waive' the requirement found at 735 ILCS 5/2—622(a)(2) that a plaintiff's attorney certify that he 'has not previously voluntarily dismissed an action based on the same or substantially the same acts, omissions, or occurrences?'
>
> 3. Assuming an answer in the affirmative to question [N]o. 1 above, and assuming that the [c]ircuit [c]ourt does not have discretion to waive this certification requirement mandated by [s]ection 2—622(a)(2), does the [p]laintiff's attorney's failure to provide the certification mandate dismissal of an action with prejudice under [s]ection 2—622(g)?"

We answer yes to the first and third questions, no to the second question, and remand this case for further proceedings.

## I. BACKGROUND

In March 2000, plaintiff Mark Cargill became a patient of defendants at the Sarah Bush Lincoln Health Center in Mattoon, Illinois. In March 2002, plaintiff filed a healing art malpractice action in Coles County case No. 02—L—29. Plaintiffs' attorney attached to the complaint an affidavit, indicating no physician's certificate was filed to support the complaint as required by section 2—622 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2—622 (West 2002)) as

counsel was unable to procure a certificate before the statute of limitations would otherwise impair the action. After a 90-day extension, plaintiffs moved to voluntarily dismiss the action. In July 2002, the trial court granted the dismissal motion.

In July 2003, plaintiffs refiled their complaint in case No. 03—L—44, alleging healing art malpractice. Plaintiffs' counsel again filed an affidavit, stating he had been unable to obtain a consultation as required by section 2—622 of the Procedure Code because such a consultation could not be obtained before the expiration date of the statute of limitations.

In September 2003, defendants filed a motion to dismiss pursuant to section 2—619 of the Procedure Code (735 ILCS 5/2—619 (West 2002)), claiming section 2—622 does not allow for the filing of an action without a physician's certificate of merit to be followed by a voluntary dismissal and the subsequent refiling of the action without a certificate.

In December 2003, the trial court denied defendants' motion to dismiss. Thereafter, defendants filed an answer to plaintiffs' complaint. In March 2004, the court granted defendants' motion to certify questions for interlocutory appeal pursuant to Rule 308(a) (155 Ill. 2d R. 308(a)). This appeal followed.

## II. ANALYSIS

### A. Standard of Review

This appeal requires us to interpret section 2—622 of the Procedure Code. Statutory construction is a matter of law, and appellate review is de novo. People v. Slover, 323 Ill. App. 3d 620, 623, 753 N.E.2d 554, 557 (2001). The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature. People v. Latona, 184 Ill. 2d 260, 269, 703 N.E.2d 901, 906 (1998). The words of a statute are to be given their plain and commonly understood meanings. Krohe v. City of Bloomington, 329 Ill. App. 3d 1133, 1135-36, 769 N.E.2d 551, 553 (2002). When the language of a statute is clear and unambiguous, it will be given effect without resort to the other tools of statutory construction. Segers v. Industrial Comm'n, 191 Ill. 2d 421, 431, 732 N.E.2d 488, 494 (2000).

### B. Section 2—622 of the Procedure Code

■ Prior to 1995, section 2—622(a) provided, in part, as follows:
"In any action *** in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff's attorney *** shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following:

1. That the affiant has consulted and reviewed the facts of the case with a health professional who \*\*\* has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action \*\*\*. \*\*\* A copy of the written report, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists, must be attached to the affidavit, but information which would identify the reviewing health professional may be deleted from the copy so attached.

2. That the affiant was unable to obtain a consultation required by paragraph 1 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations." 735 ILCS 5/2—622(a)(1), (a)(2) (West 1994).

Prior to 1995, section 2—622 did not include a restriction on a plaintiff's right to voluntarily dismiss an action and refile the suit if the plaintiff was unable to obtain the required consultation at the time of filing. Further, the name and address of the reviewing health professional was not required in the written report.

With the Civil Justice Reform Amendments of 1995, the General Assembly amended section 2—622 through the enactment of Public Act 89—7 (Act) (Pub. Act 89—7, § 15, eff. March 9, 1995 (1995 Ill. Laws 284, 291) (amending 735 ILCS 5/2—622 (West 1994))). Following the 1995 amendment, section 2—622 provided, in pertinent part, as follows:

"1. That the affiant has consulted and reviewed the facts of the case with a health professional who \*\*\* has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action \*\*\*. \*\*\* A copy of the written report, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists, must be attached to the affidavit. *The report shall include the name and the address of the health professional.*

2. *That the plaintiff has not previously voluntarily dismissed an action based upon the same or substantially the same acts, omissions, or occurrences* and that the affiant was unable to obtain a consultation required by paragraph 1 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations." (Emphasis added.) 735 ILCS 5/2—622(a)(1), (a)(2) (West 1996).

In 1997, the Illinois Supreme Court issued its opinion in *Best v. Taylor Machine Works*, 179 Ill. 2d 367, 689 N.E.2d 1057 (1997). In that case, the court found certain "core provisions" of Public Act 89—7 were unconstitutional and "inseparable" from the remainder of the Act. *Best*, 179 Ill. 2d at 467, 689 N.E.2d at 1104. Thus, the whole Act was declared void in its entirety. *Best*, 179 Ill. 2d at 467, 689 N.E.2d at 1104. The court emphasized that "all of the remaining provisions of Public Act 89—7, which were not challenged in the instant cases, are deemed invalid in this case solely on grounds of severability. As such, the General Assembly is free to reenact whatever provisions it deems desirable or appropriate." *Best*, 179 Ill. 2d at 471, 689 N.E.2d at 1106.

In February 1998, the General Assembly passed Public Act 90—579 (Pub. Act 90—579, § 5, eff. May 1, 1998 (1998 Ill. Laws 48, 48) (amending 735 ILCS 5/2—622 (West 1996))). In May 1998, Governor Ryan signed Public Act 90—579 into law. Along with adding a subsection setting forth the effective date of the amendment, Public Act 90—579 added the emphasized language:

> "If the affidavit is filed as to a defendant who is a physician licensed to treat human ailments without the use of drugs or medicines[,] *** a psychologist, *or a naprapath,* the written report must be from a health professional licensed in the same profession, with the same class of license, as the defendant." (Emphasis added.) Pub. Act 90—579, § 5, eff. May 1, 1998 (1998 Ill. Laws at 49).

Public Act 90—579 also contained the same language requiring the name and address of the health professional and the affidavit requirement that a plaintiff had not previously voluntarily dismissed an action based on the same or substantially the same acts. That language remains in the statute. See 735 ILCS 5/2—622 (West 2002).

## C. Certified Question No. 1

In the trial court and now on appeal, plaintiffs argue Public Act 90—579 did not resurrect the amendments to section 2—622 as inserted by Public Act 89—7, which the supreme court found unconstitutional in *Best*. We disagree.

"Where statutes are enacted after judicial opinions are published, it must be presumed that the legislature acted with knowledge of the prevailing case law." *People v. Hickman*, 163 Ill. 2d 250, 262, 644 N.E.2d 1147, 1153 (1994); see also *Illinois Power Co. v. City of Jacksonville*, 18 Ill. 2d 618, 622, 165 N.E.2d 300, 303 (1960). The supreme court filed its opinion in *Best* on December 18, 1997. The General Assembly passed Public Act 90—579 on February 4, 1998. Thus, we will presume the General Assembly acted with the knowledge of the *Best* ruling.

We find plaintiffs' reliance on *People v. Reedy*, 186 Ill. 2d 1, 708 N.E.2d 1114 (1999), to be misplaced. In that case, the supreme court was asked to determine whether the truth-in-sentencing provisions of Public Act 89—404 (Pub. Act 89—404, eff. August 20, 1995 (1995 Ill. Laws 4306)) violated the single-subject clause of the Illinois Constitution. *Reedy*, 186 Ill. 2d at 4, 708 N.E.2d at 1115. The State argued even if Public Act 89—404 violated the single-subject rule, the amendatory language of Public Act 89—462 (Pub. Act 89—462, art. 1, § 280, eff. June 1, 1996 (1996 Ill. Laws 588, 655)) validated the truth-in-sentencing provisions and acted as curative legislation. *Reedy*, 186 Ill. 2d at 15, 708 N.E.2d at 1120. The supreme court disagreed, finding Public Act 89—462 was devoid of curative language and did not "exhibit on its face evidence that it [was] intended to cure or validate defective legislation." *Reedy*, 186 Ill. 2d at 15, 708 N.E.2d at 1120.

A closer look at the chronology of events in *Reedy* distinguishes it from the case before us. In *Reedy*, Public Act 89—404 became law on August 20, 1995. Public Act 89—462 became law and amended the truth-in-sentencing law on June 1, 1996. In declaring Public Act 89—404 unconstitutional, the supreme court decided *Reedy* on January 22, 1999. For Public Act 89—462 to cure any defects in Public Act 89—404, it would have had to explicitly provide curative language validating any actions taken in reliance upon Public Act 89—404.

In the case *sub judice*, Public Act 89—7 became effective on March 9, 1995. The supreme court decided *Best* on December 18, 1997. Public Act 90—579 became law on May 1, 1998. As the *Best* decision preceded the legislation of Public Act 90—579, the General Assembly is presumed to have been aware of the prior judicial interpretation in *Best*, and its impact on Public Act 89—7, when it passed the legislation. As the supreme court emphasized, the General Assembly was free to reenact whatever provisions it deemed appropriate.

Plaintiffs claim the legislature, in amending section 2—622 by Public Act 90—579, "simply used as its source the pre-*Best* version" of section 2—622. The language at issue in this case was not specifically held unconstitutional in *Best* but merely held infirm on the principle of severability. Thus, if the General Assembly sought to enact the pre-*Best* version of section 2—622, it was entitled to do so. In looking at Public Act 90—579, the General Assembly decided not to include the language from the pre-1995 statute, but instead used the pre-*Best* version and included the language concerning naprapaths.

"The legislature is presumed to have known the construction previously placed upon such law and by its re[ ]enactment to have intended that it should again have the same effect." *Svenson v. Hanson*, 289 Ill. 242, 248, 124 N.E. 645, 647 (1919). When the General As-

sembly passed Public Act 90—579, the language of the statute included reference to the name and address requirement and the voluntary dismissal rule and added the naprapath language. We must presume statutes are constitutional (*People v. Wright*, 194 Ill. 2d 1, 24, 740 N.E.2d 755, 766 (2000)), and we will not presume the legislature intended to pass an unconstitutional statute because it passed a bill that included the same language as found in a former public act that was held unconstitutional on severability grounds. When the legislature passed Public Act 90—579, with the same language as in Public Act 89—7, we find the General Assembly intended it to have the same effect and was simply following the supreme court's pronouncement that desirable provisions could be reenacted.

We also disagree with plaintiffs' rejection of the Second District's ruling in *Giegoldt v. Condell Medical Center*, 328 Ill. App. 3d 907, 767 N.E.2d 497 (2002). In that case, the appellate court upheld the dismissal of the plaintiff's lawsuit. In looking at section 2—622 and the affidavits the plaintiff filed, the court stated, in part, as follows:

> "Even if we were to consider [the physician's] second affidavit, it would still be deficient in a number of important ways. As noted previously, plaintiff's counsel never filed an affidavit in conjunction with [the physician's] report. *** In addition, the affidavit does not contain [the physician's] address, that he is knowledgeable in the relevant issues, that he has practiced or taught in the same area of health care within the last six years, that he is qualified by experience or demonstrated competence in the subject, and that he had reviewed the relevant medical records, all of which are specifically required. 735 ILCS 5/2—622(a)(1) (West 2000)." *Giegoldt*, 328 Ill. App. 3d at 912-13, 767 N.E.2d at 502.

In finding the physician's address was specifically required, the Second District recognized the amendatory effect of Public Act 90—579 and implicitly indicated it resurrected the portions of section 2—622 struck down by *Best*. Had the pre-1995 statute applied, the address requirement would not have been applicable.

Plaintiffs' argument that Public Act 90—579 was defective because it did not have brackets and italics around the entire operative language is not supported by the authority cited. Section 5 of the Statute on Statutes provides as follows:

> "In construing an amendatory [a]ct printed in any volume of the session laws published after January 1, 1969, matter printed in italics shall be construed as new matter added by the amendatory [a]ct, and matter shown crossed with a line shall be construed as matter deleted from the law by the amendatory [a]ct." 5 ILCS 70/5 (West 2002).

We find section 5 does not require italics for new matters to be valid.

Instead, when italics are used, such items shall be construed as adding new matter by the amendatory act.

Based on the foregoing, we find Public Act 90—579 resurrected the amendments to section 2—622 of the Procedure Code as inserted by Public Act 89—7, which was found unconstitutional in *Best*. Further, in looking at the plain language of the statute, if a physician's report is not attached to the complaint, the plaintiff must attach an affidavit indicating he "has not previously voluntarily dismissed an action based upon the same or substantially the same acts" (735 ILCS 5/2—622(a)(2) (West 2002)). Here, plaintiffs cannot make such a statement in an affidavit, and their complaint is subject to dismissal. In conclusion, our answer to question No. 1 is yes.

## D. Certified Question No. 2

■ On appeal, plaintiffs contend the trial court has the discretion under section 2—622 to waive the requirement that a plaintiff's attorney certify he has not previously voluntarily dismissed an action based on the same or substantially the same acts, omissions, or occurrences. We disagree.

"The best evidence of legislative intent is the statutory language." *People v. Donoho*, 204 Ill. 2d 159, 171, 788 N.E.2d 707, 715 (2003). "In construing a statute, a court is not at liberty to depart from the plain language of the statute by reading into it exceptions, limitations, or conditions that the legislature did not express." *Prairie Rivers Network v. Illinois Pollution Control Board*, 335 Ill. App. 3d 391, 400, 781 N.E.2d 372, 379 (2002).

Here, section 2—622 sets forth several requirements for a plaintiff's attorney to follow in filing an affidavit in a medical malpractice action. One requires the affiant to include the name and address of the health professional who wrote the report. 735 ILCS 5/2—622(a)(1) (West 2002). Another requires the affiant to declare that the plaintiff has not previously voluntarily dismissed a similar action. 735 ILCS 5/2—622(a)(2) (West 2002). These are not mere suggestions, they are statutory requirements. If a trial court could waive the voluntary dismissal declaration, then it could also decide the failure to include the health professional's name and address could be overlooked as well. A "trial court has no authority to alter a statute" (*Robinson v. Johnson*, 346 Ill. App. 3d 895, 905, 809 N.E.2d 123, 132 (2003)), and when a statute lists requirements setting forth the procedures in filing a cause of action, they must be followed.

Plaintiffs contend the trial court has the limited discretion to waive the requirements of section 2—622 because the court has discretion to grant extensions of time for the filing of the certificate of

merit. The cases cited allow a court to grant extensions to comply with the statute. See *Calamari v. Drammis*, 286 Ill. App. 3d 420, 432, 676 N.E.2d 281, 290 (1997) (court has discretion to dismiss complaint with prejudice based on failure to meet section 2—622 requirements); *Tucker v. St. James Hospital*, 279 Ill. App. 3d 696, 704, 665 N.E.2d 392, 396 (1996) (court has discretion to grant plaintiff leave to file an affidavit and report pursuant to section 2—622); *Woodard v. Krans*, 234 Ill. App. 3d 690, 701, 600 N.E.2d 477, 485 (1992). However, they do not grant the court discretion to overlook a plaintiff's noncompliance or deem it unnecessary for the plaintiff to follow the statute. An extension of time for filing an affidavit is one thing, but it is another to waive a requirement of the statute. Here, plaintiffs did not file an affidavit indicating they had not previously voluntarily dismissed an action as required by section 2—622. A court cannot just close its eyes to statutory requirements and allow a plaintiff to pass freely to the next stage in the litigation. Otherwise, the statutes would be rendered meaningless. See *Land v. Board of Education of the City of Chicago*, 202 Ill. 2d 414, 422, 781 N.E.2d 249, 255 (2002) (in statutory construction, words and phrases should be interpreted so that, if possible, no term is rendered superfluous or meaningless).

Based on the foregoing, we find the trial court has no discretion to waive the section 2—622 requirement that a plaintiff's attorney certify he has not previously voluntarily dismissed an action based on the same or substantially the same acts, omissions, or occurrences. Thus, our answer to question No. 2 is no.

### E. Certified Question No. 3

■ With the first two questions answered, the next question asks whether a plaintiff's attorney's failure to provide the certification mandates dismissal of an action with prejudice under section 2—622(g) (735 ILCS 5/2—622(g) (West 2002)). Under the facts of this case, we hold that it does.

The General Assembly passed section 2—622 to discourage frivolous suits for medical malpractice and to eliminate such actions at an early stage. *DeLuna v. St. Elizabeth's Hospital*, 147 Ill. 2d 57, 65, 588 N.E.2d 1139, 1142 (1992). Section 2—622 "should be liberally construed so that plaintiffs do not lose substantive rights merely because they have not strictly complied with the statute." *Hobbs v. Lorenz*, 337 Ill. App. 3d 566, 569, 786 N.E.2d 260, 263 (2003). A plaintiff's failure to file a certificate shall be grounds for dismissal. 735 ILCS 5/2—622(g) (West 2002). However, a plaintiff's noncompliance with section 2—622 does not require the trial court to dismiss the action with prejudice. *Ingold v. Irwin*, 302 Ill. App. 3d 378, 383,

705 N.E.2d 135, 139 (1998). Instead, the court has the discretion to dismiss an action with or without prejudice. *Ingold,* 302 Ill. App. 3d at 383, 705 N.E.2d at 139.

In this case, plaintiffs or their attorney failed to file an affidavit as required by section 2—622, stating they had not previously voluntarily dismissed an action based on the same acts. The reason they did not is because they could not file such an affidavit. Plaintiffs had previously voluntarily dismissed an action based on these alleged acts of malpractice. Dismissing their complaint without prejudice cannot change that fact or cure the defect in their complaint. See *Ingold,* 302 Ill. App. 3d at 386, 705 N.E.2d at 141 (not an abuse of discretion to deny a party leave to amend a pleading if amendment could not cure defect in original pleading). As plaintiffs cannot satisfy the requirements of the statute, amendment of their original pleadings would be fruitless. Based on these facts, plaintiff's complaint must be dismissed with prejudice. Thus, our answer to certified question No. 3 is yes.

## III. CONCLUSION

For the reasons stated, we answer the first and third certified questions in the affirmative, the second certified question in the negative, and remand this case for further proceedings.

Questions answered; cause remanded.

KNECHT, P.J., and McCULLOUGH, J., concur.