EUGENE BEAUCHAMP, Plaintiff-Appellee, v. ROBERT ZIMMERMAN, Defendant-Appellant.

First District (4th Division)   No. 1—04—1642

Opinion filed June 30, 2005.—Modified opinion filed
July 21, 2005.—Rehearing denied August 23, 2005.

144

REID, P.J., dissenting.

Arthur L. Klein and Richard C. Gering, both of Arnstein & Lehr, L.L.P., of Chicago, for appellant.

Sal Indomenico, of Sal Indomenico & Associates, P.C., of Chicago, for appellee.

JUSTICE THEIS delivered the opinion of the court:

Defendant, Robert Zimmerman, M.D., appeals from the order of the circuit court of Cook County granting the petition for relief from judgment filed by plaintiff, Eugene Beauchamp, pursuant to section 2—1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1401 (West 2002)). Defendant contends that the circuit court abused its discretion in granting plaintiff's petition because plaintiff failed to make the requisite showing to obtain relief under section 2—1401. We agree and reverse.

The following procedural history is relevant to our determination of this appeal. Sometime in July 1998, plaintiff commenced a medical malpractice action against defendant. In his complaint, plaintiff alleged that in July 1996, defendant negligently treated him for kidney stones, resulting in the loss of his right kidney. Plaintiff attached the affidavit of his attorney, Stanley J. Heller, to his complaint. Therein, Heller stated that due to the statute of limitations on plaintiff's claim, he was unable to obtain a letter from a health care professional prior to the filing of the action. On August 7, 1998, through new counsel, James C. Harman, plaintiff filed an attorney's affidavit and physician's letter attesting that there was a reasonable and meritorious basis for the action. However, the physician's letter was unsigned and did not

include the name or address of the consulting physician. The next item contained in the record discloses that on July 14, 2001, the trial court granted a motion by plaintiff to voluntarily dismiss the action pursuant to section 2—1009 of the Code (735 ILCS 5/2—1009 (West 2002)).

On June 13, 2002, plaintiff refiled the same medical malpractice claim against defendant. Along with his complaint, plaintiff filed the "Affidavit Pursuant to Supreme Court Rule 222" of his third attorney, Jeffrey M. Landry. Therein, Landry stated that "due to the time constraints of re-filing this lawsuit, I have been unable to obtain a letter from a health care professional prior to the filing of this action."

Defendant responded with a motion to dismiss plaintiff's complaint pursuant to Supreme Court Rule 103(b) (177 Ill. 2d R. 103(b)), claiming that plaintiff failed to exercise diligence in serving him with process. Defendant alternatively contended that the complaint should be dismissed pursuant to section 2—619 of the Code (735 ILCS 5/2—619 (West 2002)) because plaintiff failed to attach a section 2—622 (735 ILCS 5/2—622 (West 2002)) certificate of merit to his complaint. The court denied defendant's motion to dismiss based on Rule 103(b), but continued the motion to dismiss pursuant to section 2—619 to July 23, 2003, and gave plaintiff until June 30, 2003, to file his section 2—622 affidavit.

On July 1, 2003, Landry filed a motion to withdraw as counsel for plaintiff. The court granted the motion on July 23 and gave plaintiff leave to file the appearance of new counsel by September 15, 2003. The court also set the case for status on September 22, 2003.

On September 16, 2003, plaintiff filed a *pro se* appearance. The following week, at the September 22, 2003, status conference, the court dismissed the case for want of prosecution (DWP).

Plaintiff filed a *pro se* motion to vacate the court's DWP order on November 13, claiming that he was unaware he had to appear at the September 22 status conference. The court did not consider plaintiff's motion, but instead ordered plaintiff to proceed by way of a section 2—1401 petition for relief from judgment.

On December 4, 2003, through yet another attorney, Sal Indomenico, plaintiff filed his section 2—1401 petition. Therein, plaintiff alleged that after he filed his *pro se* appearance on September 16, he spoke with the circuit court judge's clerk, who erroneously informed him that the next status date was October 16, 2003. As a result, plaintiff was not present for the September 22 status conference and the court entered the DWP order. When plaintiff came to court on October 16, he learned that his case had been dismissed. Mistakenly believing that his case had been dismissed that day, plaintiff thought

that he could file a motion to vacate the dismissal order on November 13. In response to plaintiff's petition, defendant claimed, *inter alia*, that plaintiff was unable to show that his medical malpractice claim was a meritorious one because he had failed to comply with section 2—622.

Following argument, the court granted plaintiff's petition and reinstated his claim. In its written order, the court found that insofar as the DWP order was entered before the section 2—619 motion to dismiss had been ruled upon, "that factor [was] indeterminate of the viability of plaintiff's claim." The court further observed that "[t]he record, and specifically the affidavit from plaintiff's counsel still indicates that the claim set forth has merit."

Defendant now appeals, contending that the circuit court abused its discretion in granting plaintiff's petition because plaintiff failed to make the requisite showing to obtain relief under section 2—1401. Plaintiff initially responds that this court lacks jurisdiction to entertain defendant's appeal because a DWP order is not a final order from which relief under section 2—1401 is available.

■ Our jurisdiction of this case stems from Supreme Court Rule 304(b)(3) (155 Ill. 2d R. 304(b)(3)), which provides that a party may appeal from "[a] judgment or order granting or denying any of the relief prayed in a petition under section 2—1401" without an express written finding to permit appeal under Rule 304(a). Further, our supreme court has observed that the question of the finality of the underlying DWP order is not determinative of jurisdiction to entertain an appeal from an order granting relief under section 2—1401. *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489, 497, 693 N.E.2d 338, 342 (1998). Therefore, we have jurisdiction to entertain defendant's appeal.

However, the finality of the underlying DWP order is pivotal to the issue of whether the circuit court properly entertained plaintiff's motion to vacate the DWP order pursuant to section 2—1401. *Caldwell*, 181 Ill. 2d at 497, 693 N.E.2d at 342. Section 2—1401 provides a procedure by which final orders, judgments, and decrees may be vacated after 30 days from their entry. 735 ILCS 5/2—1401(a) (West 2002); *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220, 499 N.E.2d 1381, 1386 (1986).

■ A DWP is not a final and appealable order because, pursuant to section 13—217 of the Code, a plaintiff has an absolute right to refile his case within one year of the dismissal or within the remaining limitations period, whichever is greater. 735 ILCS 5/13—217 (West 2002); *Caldwell*, 181 Ill. 2d at 497, 693 N.E.2d at 342; see also *Mann v. Upjohn Co.*, 324 Ill. App. 3d 367, 375, 753 N.E.2d 452, 459 (2001).

After the period for refiling under section 13—217 expires, the DWP order effectively terminates the litigation between the parties and constitutes a final and appealable order. *Caldwell*, 181 Ill. 2d at 501-02, 693 N.E.2d at 344. At that point, the only vehicle plaintiff may employ to reinstate the case is a petition pursuant to section 2—1401. *Caldwell*, 181 Ill. 2d at 506-07, 693 N.E.2d at 346.

■ However, plaintiffs are only entitled to one refiling pursuant to section 13—217, even where the applicable statute of limitations has not expired. *Timberlake v. Illini Hospital*, 175 Ill. 2d 159, 163, 676 N.E.2d 634, 636 (1997). Section 13—217 also applies to voluntary dismissals. *Timberlake*, 175 Ill. 2d at 164, 676 N.E.2d at 636. Thus, where, as here, a plaintiff voluntarily dismisses his cause, then refiles it, and the circuit court dismisses the refiled cause for want of prosecution, the plaintiff has no right to refile a second time. *Timberlake*, 175 Ill. 2d at 165, 676 N.E.2d at 637; *Mann*, 324 Ill. App. 3d at 376, 753 N.E.2d at 460.

■ Accordingly, because plaintiff already exercised his one-time right to refile after he voluntarily dismissed his original case, the DWP order is final and appealable. *Mann*, 324 Ill. App. 3d at 376, 753 N.E.2d at 460. Further, because plaintiff did not seek reconsideration or appeal from that order within 30 days (*Beck v. Stepp*, 144 Ill. 2d 232, 238, 579 N.E.2d 824, 827 (1991)), plaintiff's only option was to seek relief from the DWP order via a section 2—1401 petition. See *Caldwell*, 181 Ill. 2d at 506-07, 693 N.E.2d at 346. Therefore, the circuit court properly entertained plaintiff's petition pursuant to section 2—1401.

Turning to the merits of defendant's appeal, the purpose of a section 2—1401 petition for relief from judgment is to bring before the circuit court facts not appearing in the record which, if known to the court at the time judgment was entered, would have prevented the entry of the judgment. *Physicians Insurance Exchange v. Jennings*, 316 Ill. App. 3d 443, 457, 736 N.E.2d 179, 190 (2000). Unlike a section 2—1301(e) (735 ILCS 5/2—1301(e) (West 2002)) motion to vacate a judgment or order, where the primary concern is whether it is reasonable under the circumstances to compel the opposing party to go to trial, section 2—1401 is a less liberal provision with stringent requirements for the petitioner. *Cruz v. Columbus-Cuneo-Cabrini Medical Center*, 264 Ill. App. 3d 633, 638, 636 N.E.2d 908, 911 (1994).

■ To be entitled to relief under section 2—1401, the petitioner must affirmatively set forth specific factual allegations showing each of the following elements by a preponderance of the evidence: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original ac-

tion; and (3) due diligence in filing the section 2—1401 petition for relief. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21, 499 N.E.2d 1381, 1386 (1986); *Cruz*, 264 Ill. App. 3d at 639; 636 N.E.2d at 911. In addition, the petition must be supported by affidavit or other showing of matters not of record. 735 ILCS 5/2—1401(b) (West 2002); *Cruz*, 264 Ill. App. 3d at 639, 636 N.E.2d at 911. Whether a section 2—1401 petition should be granted lies within the discretion of the circuit court and depends upon the facts and equities presented; a reviewing court is justified in disturbing that judgment only where it finds that the circuit court abused its discretion. *Airoom*, 114 Ill. 2d at 221, 499 N.E.2d at 1386.

To prove the existence of a meritorious defense or claim, a petitioner must allege facts that would have prevented entry of the judgment if they had been known by the trial court. *Jennings*, 316 Ill. App. 3d at 457, 736 N.E.2d at 191. It is not sufficient for the petition and supporting affidavit to merely assert the existence of a meritorious defense or claim without also pleading the relevant supporting facts, and a circuit court's grant of such a petition will be reversed on appeal. *People ex rel. McGraw v. Mogilles*, 136 Ill. App. 3d 67, 73, 482 N.E.2d 1114, 1118 (1985). However, where a plaintiff alleges sufficient facts to set forth a meritorious claim in the complaint, plaintiff need not repeat the allegations in the petition. *Cruz*, 264 Ill. App. 3d at 640, 636 N.E.2d at 912.

In the present case, we find that plaintiff has failed to establish a meritorious medical malpractice claim. Section 2—622(a)(1) of the Code (735 ILCS 5/2—622(a)(1) (West 2002)) requires that a plaintiff in a medical malpractice action attach to his complaint both an affidavit certifying that he, or his attorney, consulted with a qualified health care professional in whose opinion there is a reasonable and meritorious cause for the filing of the action, and a copy of the health professional's written report setting forth the reasons for that determination. See also *Mueller v. North Suburban Clinic, Ltd.*, 299 Ill. App. 3d 568, 572-73, 701 N.E.2d 246, 250 (1998). Section 2—622(a)(2) of the Code alternatively provides that if the plaintiff has not previously voluntarily dismissed an action based upon the same or substantially the same claim, plaintiff may file an affidavit stating that it was unable to obtain a consultation before the expiration of the statute of limitations. 735 ILCS 5/2—622(a)(2) (West 2002).[1] Plaintiff would then have 90 days in which to obtain the affidavit and report required.

---

[1]We recognize that the portion of section 2—622 limiting this provision to plaintiffs who have not already voluntarily dismissed the same or substantially the same claim, as well as the portion requiring that the consulting physician's

735 ILCS 5/2—622(a)(2) (West 2002). The failure to satisfy the affidavit and report requirements of section 2—622 is grounds for dismissal of the action under section 2—619 of the Code. 735 ILCS 5/2—622(g) (West 2002).

This requirement was designed to reduce the number of frivolous medical malpractice lawsuits by forcing the plaintiff to establish at the outset that he has a meritorious claim and, therefore, reasonable grounds for pursuing the action. *Sullivan v. Edward Hospital*, 209 Ill. 2d 100, 117, 806 N.E.2d 645, 656 (2004). Although the affidavit and report requirements imposed on a plaintiff under section 2—622 of the Code do not rise to the level of substantive elements of a claim for medical malpractice, they are not to be viewed as empty formalism. *Mueller*, 299 Ill. App. 3d at 573, 701 N.E.2d at 250. The supreme court has thus described section 2—622 as a "pleading requirement." *Gulley v. Noy*, 316 Ill. App. 3d 861, 864, 737 N.E.2d 1115, 1117 (2000), citing *McCastle v. Mitchell B. Sheinkop, M.D., Ltd.*, 121 Ill. 2d 188, 193, 520 N.E.2d 293, 296 (1987).

Here, along with his original complaint, plaintiff filed a section

---

name and address be indicated on the report, were originally enacted as part of the "Civil Justice Reform Amendments of 1995" (Pub. Act 89—7, eff. March 9, 1995). In *Best v. Taylor Machine Works*, 179 Ill. 2d 367, 378, 689 N.E.2d 898, 1064 (1997), the supreme court found the "core provisions" of Public Act 89—7, of which the provisions relating to section 2—622 were not a part, to be unconstitutional. The supreme court further found the noncore provisions of Public Act 89—7 to be inseparable from the core provisions and deemed the entirety of Public Act 89—7 unconstitutional. *Best*, 179 Ill. 2d at 467, 689 N.E.2d at 1104. However, the supreme court emphasized that the General Assembly was "free to reenact whatever provisions it deem[ed] desirable or appropriate" of these noncore provisions. *Best*, 179 Ill. 2d at 471, 689 N.E.2d at 1106. As the parties to the present appeal agree, the legislature accepted that invitation in February 1998 and reenacted the pre-*Best* version of section 2—622 in Public Act 90—579, which became effective on May 1, 1998 (Pub. Act 90—579, eff. May 1, 1998). *Cargill v. Czelatdko*, 353 Ill. App. 3d 654, 660, 818 N.E.2d 898, 904 (2004). However, we find a need to briefly address this point because there has been some confusion regarding the effect of Public Act 90—579. Some have argued that Public Act 90—579 was intended only to extend the requirements of section 2—622 to those who practice the healing art of "naprapathy," rather than to reenact the pre-*Best* version of section 2—622; however, that argument was squarely rejected by this court in *Cargill*, 353 Ill. App. 3d at 658, 818 N.E.2d at 903. Thus, the provisions of section 2—622 limiting the statute of limitations exception to plaintiffs who have not already voluntarily dismissed the same or substantially the same claim, as well as the portion requiring that the consulting physician's name and address be indicated on the report, apply with full force here.

2—622(a)(2) affidavit stating that he was unable to consult with a health care professional prior to the expiration of the statute of limitations. Plaintiff subsequently filed a purported section 2—622(a)(1) affidavit and report. However, because the report failed to include the name and address of the consulting physician, plaintiff's affidavit and report were insufficient to satisfy section 2—622. 735 ILCS 5/2—622(a)(1) (West 2002) ("The report shall include the name and the address of the health professional"). Plaintiff ultimately voluntarily dismissed the case pursuant to section 2—1009 of the Code (735 ILCS 5/2—1009 (West 2002)).

Plaintiff then filed another complaint with a purported section 2—622(a)(2) affidavit, even though he had previously voluntarily dismissed the same claim. Plaintiff never obtained the required affidavit and report, and defendant filed a section 2—619 motion to dismiss the complaint citing plaintiff's failure to comply with section 2—622. However, before the trial court ruled on that motion, it dismissed the matter for want of prosecution. Plaintiff subsequently filed a section 2—1401 petition, but again failed to provide the required affidavit and report, or any other matters not previously of record, to establish that he has a meritorious claim. Without the affidavit and report, we cannot say that plaintiff's complaint establishes a meritorious claim for the purposes of obtaining relief under section 2—1401. See *Sullivan*, 209 Ill. 2d at 117, 806 N.E.2d at 656 (the filing of the affidavit and report establish that plaintiff has a meritorious claim); see also *Calamari v. Drammis*, 286 Ill. App. 3d 420, 431, 676 N.E.2d 281, 289 (1997) (observing that the elimination of the 90-day filing extension for previously voluntarily dismissed claims helps ensure that only cases with some merit are refiled). Therefore, the trial court's order granting plaintiff's petition without any such showing constitutes an abuse of discretion.

In reaching this conclusion, we find *Cruz* distinguishable from the present case. In *Cruz*, the trial court dismissed the plaintiffs' medical malpractice action after they repeatedly failed to disclose their experts as a sanction pursuant to Supreme Court Rule 219(c) (134 Ill. 2d R. 219(c)). *Cruz*, 264 Ill. App. 3d at 636, 636 N.E.2d at 910. In granting the plaintiffs' section 2—1401 petition to vacate that dismissal, this court found that the plaintiffs did not need to repeat the allegations contained in their complaint to establish that they had a meritorious claim. *Cruz*, 264 Ill. App. 3d at 640, 636 N.E.2d at 912. The court also found it significant that at no time did the defendants move to dismiss the plaintiffs' complaint for failure to state a cause of action. *Cruz*, 264 Ill. App. 3d at 640, 636 N.E.2d at 912.

Here, in contrast to *Cruz*, plaintiff failed to meet the pleading

requirements for a medical malpractice claim. In addition, defendant filed a section 2—619 motion to dismiss plaintiff's complaint for failure to meet the requirements of section 2—622, and that motion remained pending when the trial court dismissed plaintiff's cause for want of prosecution.

Accordingly, we reverse the order of the circuit court of Cook County granting plaintiff's section 2—1401 petition for relief from the September 2, 2003, DWP order.

Reversed.

QUINN, J., concurs.

PRESIDING JUSTICE REID, dissenting:

The issue which Zimmerman raises is the subject matter of a pending section 2—619 motion to dismiss which he previously filed on January 10, 2003. Thereafter, on May 21, 2003, the trial court: continued Zimmerman's motion to dismiss which was based on the absence of the section 2—622 affidavit, ordered Beauchamp to file a section 2—622 affidavit on or before June 30, 2003, and continued the matter to July 23, 2003. However, before Beauchamp filed the section 2—622 affidavit and before the trial court ruled on Zimmerman's motion to dismiss, Beauchamp's attorney withdrew from the case.

On July 23, 2003, the trial court granted Beauchamp's former attorney's motion to withdraw and set the matter for status on September 22, 2003. The trial court did not address Zimmerman's section 2—619 motion to dismiss or the fact that Beauchamp had yet to turn in the section 2—622 affidavit as previously ordered.

Thereafter, Beauchamp, who did not have an attorney, filed a *pro se* appearance. At the time that he filed his appearance, Beauchamp received improper information from a clerk of the court, which caused him to miss the September 22 status hearing, and the matter was dismissed for want of prosecution. Subsequently, Beauchamp found a new attorney who then filed a section 2—1401 petition to have the matter reinstated, which was granted, and Zimmerman appealed.

At the time that the trial court was to rule on Zimmerman's section 2—619 motion to dismiss as a result of Beauchamp's failure to file a section 2—622 affidavit, Beauchamp's attorney withdrew. Consequently, the trial court never ruled on Zimmerman's section 2—619 motion to dismiss. In my opinion, this issue is not properly before this court and should not be ruled upon at this time. The trial court recognized this and I believe we should allow it the opportunity to make a ruling on this issue.

This particular matter is one which Zimmerman should pursue in further proceedings below. Zimmerman should either re-notice or re-motion his previous section 2—619 motion to dismiss on this particular issue and let the trial court resolve this particular matter. For these reasons, I respectfully dissent.