JUSTICE KNECHT, dissenting: Simply put, Cargill, 353 Ill. App. 3d 654, 818 N.E.2d 898, appeal denied, 214 Ill. 2d 528, 830 N.E.2d 1 (2005), was correctly decided, and we should affirm. The majority uses a flawed approach to the issue. The legislative correction encompassed by Public Act 94 — 677 was a response to what may have been a mistake in Public Act 90 — 579. Public Act 90 — 579 resurrected the voluntary-dismissal language at issue in this case by printing it in the Act. That may not have been the legislature’s intent. Perhaps no one recognized Public Act 90 — 579 would be interpreted to resurrect the voluntary-dismissal language. If this was a legislative miscue, the chalk was reapplied by the enactment of Public Act 94— 677. However, during the time period between the miscue in Public Act 90 — 579 and the correction in Public Act 94 — 677, the law required an affiant requesting a 90-day extension to file a physician’s report to state she had not previously voluntarily dismissed an action based on the same acts. The trial court properly relied on our precedent established in Cargill to dismiss plaintiffs complaint with prejudice. The majority proposes to reverse that careful adherence to precedent by deferring to a later legislative enactment that attempts to say that is not what the law was because that is not what we wanted it to be. The legislature does not interpret its enactments — the courts do. We have done so, and we should adhere to precedent.